THIRD DEPARTMENT, NOVEMBER, 1993

(November 16, 1993)*

■ In the Matter of ROBERT S. YACONO, an Attorney, Respondent. Committee on Professional Standards, Third Judicial Department, Petitioner. [605 NYS2d 956] —Per Curiam. Respondent was admitted to practice by this Court on December 10, 1985. He maintains an office for the practice of law in Norwich, Chenango County.

---

* Not published with other Third Department decisions of November, 1993.

Respondent was admitted to the Maryland Bar in June 1987. By decision dated March 9, 1993, the Court of Appeals of Maryland disbarred him on multiple charges of professional misconduct.

Petitioner, the Committee on Professional Standards, moves to impose reciprocal discipline upon respondent pursuant to section 806.19 of this Court's Rules (22 NYCRR 806.19). Respondent opposes the motion.

The Maryland Court of Appeals concluded that respondent had grossly mismanaged client funds. With respect to at least one client, account deficiencies occurred and certain bills were not paid. The Court of Appeals also concluded that respondent violated Maryland rules governing attorney contact with prospective clients and those rules concerning a lawyer's responsibilities regarding nonlawyer assistants, prohibiting aiding the unauthorized practice of law, and requiring an attorney to communicate effectively with clients. It appears that respondent's employee personally solicited clients at the scene of automobile accidents and engaged in extensive and basically unsupervised duties, from office management to client interviews to settling cases with insurance adjusters. Indeed, the sustained charges make clear that some clients had no contact whatsoever with respondent.

In the fall of 1992, while the disciplinary charges against him in Maryland were pending, respondent returned to New York and began practicing law in this jurisdiction.

Respondent raises various factors in mitigation of his misconduct which we find were adequately considered by the Maryland Court of Appeals in determining an appropriate disciplinary sanction. For example, it was noted that respondent was seriously ill during the first half of 1989. Also, he was not found guilty of intentional misappropriation of client funds.

In view of respondent's disbarment in Maryland, we grant petitioner's motion. We further determine that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in Maryland (see, e.g., Matter of Youmans, 175 AD2d 399). Respondent is therefore disbarred.

Weiss, P. J., Mercure, Cardona, White and Mahoney, JJ., concur. Ordered that petitioners motion is granted; and it is further ordered that, respondent, Robert S. Yacono, who was admitted as an attorney and counselor-at-law by this Court on December 10, 1985, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective December 16, 1993; and it is fur-

ther ordered that, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.