■ LAURO DiLAURO et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant and Third-Party Plaintiff-Appellant. JOHN'S INSULATION, INC., Third-Party Defendant-Respondent. [606 NYS2d 645] —Judgment, Supreme Court, New York County (Burton S. Sherman, J., and a jury), entered May 3, 1993, in favor of plaintiffs and against defendant Consolidated Edison (Con Ed) in the amount of $227,000, and bringing up for review an order of the same court and Justice, entered March 16, 1992, which granted third-party defendant John's Insulation, Inc.'s motion for summary judgment dismissing Con Ed's third-party complaint, unanimously affirmed, without costs or disbursements. The appeal from the order is unanimously dismissed as subsumed within the appeal from the judgment, without costs.

The record contains sufficient evidence to permit a finding that Con Ed's negligence in permitting a circuit breaker panel to remain open was a substantial and proximate cause of plaintiff's injuries, including, *inter alia,* the testimony of plain-tiff's medical expert ruling out the possibility that plaintiff had sustained an electrical burn or shock, as opposed to a flash burn, based on the absence of entrance and exit wounds that result when an electric current passes through a human body. That the cause of plaintiff's injury was the subject of conflicting testimony is not a ground for setting aside the verdict as a matter of law or as against the weight of the evidence *(see, Furia v Mellucci,* 163 AD2d 88, 89, *lv denied* 77 NY2d 803). We have considered Con Ed's remaining claims

and find them to be without merit. We note that although the right of direct appeal from an intermediate order terminates with the entry of a judgment, the issues raised on appeal from the order were considered pursuant to CPLR 5501 (a) (1) *(see, Cobble Hill Nursing Home v Henry & Warren Corp.,* 196 AD2d 564). Concur—Murphy, P. J., Carro, Ellerin and Kupferman, JJ.