■ Stoomhamer Amsterdam N.V. et al., Appellants, v CLAL (Israel) Ltd. et al., Respondents. [611 NYS2d 556] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered June 9, 1993, which dismissed plaintiffs' complaint on grounds of forum non conveniens, provided that the Statute of Limitations is waived,unanimously affirmed, with costs.

Assuming, arguendo, that New York courts have personal jurisdiction over defendants (three Israeli corporations), the totality of the circumstances demonstrate that the trial court did not abuse its discretion in determining that New York is not a convenient forum for this case and that either the Netherlands or Israel would be a more convenient forum *(see, Silver v Great Am. Ins. Co.,* 29 NY2d 356). In light of the facts that, *inter alia,* plaintiffs are three Israeli citizens who maintain residences in Israel and/or allegedly in the New York area, and a Dutch corporation; the alleged slander (purportedly uttered by an Israeli resident) occurred in the Netherlands and thus, Dutch law will likely be applicable *(see, Schultz v Boy Scouts,* 65 NY2d 189, 198) and was witnessed by three Dutch bankers, all of whom are Dutch citizens residing in the Netherlands or Israel, the contacts with New York are tenuous at best. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.