■ FRANK COLOMBO, Respondent, v CITY OF NEW YORK, Appellant and Third-Party Plaintiff-Appellant. ROSA COLOMBO, Doing Business as ITALIAN TEAM CONSTRUCTION, Third-Party Defendant-Respondent. [627 NYS2d 642] —Order, Appellate Term, First Department, entered on or about October 21, 1993, which modified a judgment of the Civil Court, Bronx County (Stanley Green, J.), entered December 11, 1990 after a jury trial, awarding plaintiff damages in the principal amount of $978,000, to the extent of remanding the matter to the Civil Court for a new trial on the issue of damages only unless plaintiff stipulated to entry of an amended judgment awarding him damages in the principal amount of $504,000, unanimously affirmed, without costs.

A fair interpretation of the evidence supports the jury's findings that defendant could have provided plaintiff with a jack that would have made the work place safe from the defect that caused the accident, and that its failure to do so was the sole proximate cause of plaintiff's injuries. "The plaintiff's injury was not due to the unsafe nature of the work but to [defendant's] failure to furnish a reasonably safe place in which to perform the work." (*Colello v Stevenson & Co.*, 284 App Div 805, 806, *affd* 308 NY 935.) That the testimony on this point was in conflict is not a ground for finding the verdict to be against the weight of the evidence (*DiLauro v Consolidated Edison Co.*, 200 AD2d 485). Contrary to defendant's argument, *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494), decided three years after the trial judgment was rendered, effected a sharp change in the law concerning liability under Labor Law § 241 (6), and, as such, Appellate Term did not err in declining to give that decision retroactive effect (*see, Matter of Finelli v Chassin*, 206 AD2d 717, 718). The amounts awarded, as reduced by Appellate Term and stipulated to by plaintiff, do not deviate materially from what would be reasonable compensation (CPLR 5501 [c]). We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Asch, Williams and Tom, JJ.