■ LYNDON P. SHARROW, Respondent, v DICK CORPORATION et al., Appellants and Third-Party Plaintiffs. G & H STEEL SERVICE, INC., Third-Party Defendant-Appellant. (Appeal No. 1.)

[649 NYS2d 281] —Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Plaintiff, an ironworker employed by G & H Steel Corporation (G & H Steel), injured his back while moving a 350-pound metal lockbox during construction of the Southport Correctional Facility. The injury occurred when plaintiff lifted the object off the forks of a Genie hoist, which had been used to transport lockboxes within the facility. As he lifted one end of the lockbox, plaintiff tripped over a tubular extension attached to the hoist and then stumbled forward. Plaintiff felt intense pain in his lower back, and it was later determined that he had sustained a herniated disk.

Plaintiff commenced this action in 1988 against the general contractor, Dick Corporation, and the subcontractor, Southern Steel Corporation, which hired plaintiff's employer. When the case first went to trial in 1993, plaintiff withdrew all causes of action except the Labor Law § 241 (6) cause of action. The jury rendered a verdict in favor of plaintiff and awarded him damages of $430,000. Dick Corporation and Southern Steel (defendants) were awarded judgment on their third-party action for indemnification against G & H Steel. We modified that judgment on appeal and granted a new trial on damages for past and future pain and suffering only unless defendants stipulated to increase the verdict (*Sharrow v Dick Corp.*, 204 AD2d 966). The Court of Appeals then reversed the order of this Court, vacated the judgment and ordered a new trial on the ground that Supreme Court erred in refusing to conduct a limited inquiry to determine whether one of the jurors participated in the verdict process (*Sharrow v Dick Corp.*, 86 NY2d 54).

Upon remittitur, the parties agreed to waive the right to a jury trial and stipulated that the proof would consist largely of the record on appeal from the first trial. After hearing additional testimony from plaintiff and one of his expert witnesses, Supreme Court awarded plaintiff judgment in the amount of $584,871.38 and ordered G & H Steel to indemnify defendants. The court found that defendants had violated Labor Law § 241 (6) by failing to comply with the following provisions of the Industrial Code: 12 NYCRR 23-1.7 (e) (2) and 23-6.1 (a), (b), and (c) (1). Defendants and G & H Steel appeal, and we now reverse.

Initially, we agree with defendants that the court should have applied the principles of *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494) at the retrial. *Ross* was decided three months after the first trial but before the initial appeal. Because *Ross*

was decided while this case was in the "normal litigative process", it applied to the retrial (*Vinciguerra v Jameson*, 208 AD2d 1136, 1138, *lv denied* 86 NY2d 702; *cf., Colombo v City of New York*, 216 AD2d 27). Plaintiff's contention that the doctrine of law of the case mandates deciding this case without applying *Ross* is without merit; in determining the prior appeals, neither we nor the Court of Appeals decided whether *Ross* applied to this case (*see, Baldasano v Bank of New York*, 199 AD2d 184, 185).

To establish a prima facie cause of action under Labor Law § 241 (6), plaintiff must prove that defendants violated an applicable regulation of the Industrial Code "mandating compliance with concrete specifications" as opposed to "those that establish general safety standards by invoking the '[g]eneral descriptive terms' set forth and defined in 12 NYCRR 23-1.4 (a)" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 505). Plaintiff failed to meet that burden.

Section 23-1.7 (e) (2) of the Industrial Code provides that floors, platforms and similar working areas "shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." That regulation does not apply here because the object on which plaintiff tripped, the Genie hoist, was an integral part of the work he was performing (*see, Adams v Glass Fab*, 212 AD2d 972, 973). For that same reason, section 23-1.7 (e) (1), cited by plaintiff on appeal, is inapplicable.

The remaining regulations upon which the court based its decision are contained in 12 NYCRR 23-6.1 (a)—(c), which provide:

"§ 23-6.1 General requirements.

"(a) *Application of Subpart*. The general requirements of this Subpart shall apply to all material hoisting equipment except cranes, derricks, aerial baskets, excavating machines used for material hoisting and fork lift trucks.

"(b) *Maintenance*. Material hoisting equipment shall at all times be maintained in good repair and proper operating condition with sufficient inspections to insure such maintenance. All defects affecting safety shall be immediately corrected either by necessary repairs or replacement of parts, or such defective equipment shall be immediately removed from the job site.

"(c) *Operation*. (1) Only trained, designated persons shall operate hoisting equipment and such equipment shall be operated in a safe manner at all times."

Section 23-6.1 (a) cannot support a Labor Law § 241 (6) cause of action because it does not set forth a safety standard, general or specific; it merely excepts certain types of hoisting equipment from the regulations that follow. Even assuming, arguendo, that section 23-6.1 (b) is sufficiently specific under *Ross v Curtis-Palmer Hydro-Elec. Co.* (*supra*, at 505), it does not apply here because there is no evidence that the Genie hoist over which plaintiff tripped was defective or improperly maintained. Finally, section 23-6.1 (c) (1) is unquestionably general insofar as it mandates that hoisting equipment be operated in a "safe manner at all times." In any event, that regulation does not apply because plaintiff was not injured while operating the hoist.

Because plaintiff failed to establish that defendants violated a specific provision of the Industrial Code, the judgments must be reversed and the complaint and third-party complaints dismissed. (Appeals from Judgment of Supreme Court, Erie County, Joslin, J.—Labor Law.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.