■ MARTIN CARDENAS et al., Respondents, v AMERICAN REF-FUEL COMPANY OF HEMPSTEAD et al., Appellants. [664 NYS2d 453] —In an action to recover damages for personal injuries pursuant, *inter alia*, to Labor Law § 241 (6), the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered February 8, 1997, as, upon granting their motion for renewal and reargument, adhered to so much of a prior order, entered December 26, 1995, as denied that branch of their motion which was for summary judgment dismissing the cause of action based upon Labor Law § 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument and renewal, so much of the order entered December 26, 1995, as denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action based upon Labor Law § 241 (6) is vacated, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff Martin Cardenas was injured while working on a boiler installation project. At the time of his accident, Mr. Cardenas was standing on a catwalk, working on the walls of the boiler. The walls were being held in place by a manual chainfall. The chainfall was fastened to the walls with hooks which were linked to steel lugs on the wall. While Mr. Cardenas was cutting and trimming the walls, a lug broke off one of them and hit him in the knee. As a result, the plaintiffs commenced this action alleging, *inter alia*, a cause of action based on Labor Law § 241 (6).

A cause of action under Labor Law § 241 (6) must allege the violation of a specific, rather than a general, safety standard established by the Commissioner of the Department of Labor (*see*, *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505; *Sharrow v Dick Corp.*, 233 AD2d 858). The plaintiff, relying on Industrial Code (12 NYCRR ) § 23-6.1 (a), (b), failed to meet that burden. Industrial Code § 23-6.1 (a) cannot support a Labor Law § 241 (6) cause of action because it does not set forth a safety standard, general or specific; it merely excepts certain types of hoisting equipment from the regulations that

follow (*Sharrow v Dick Corp., supra*). Even assuming, arguendo, that Industrial Code § 23-6.1 (b) is sufficiently specific under *Ross v Curtis-Palmer Hydro-Elec. Co.* (*supra,* at 505), it does not apply here because there is no evidence that the lug in question was a material hoist within the meaning of that section (*Soles v Eastman Kodak Co.,* 162 Misc 2d 406, 409, *affd* 216 AD2d 973; *see also, Brechue v Town of Wheatfield,* 241 AD2d 935). Since the plaintiffs failed to cite any concrete specifications of the Industrial Code that could be said to have been violated by the defendants, the plaintiffs' Labor Law § 241 (6) cause of action should be dismissed. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.