■ BANCO DO ESTADO DE SAO PAULO S.A., Respondent-Appellant, v MENDES JUNIOR INTERNATIONAL COMPANY et al., Appellants-Respondents. [672 NYS2d 28] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 25, 1996, which denied defendants' cross motion to conduct discovery, unanimously affirmed, and order and judgment (one paper), same court and Justice, entered March 6, 1997, award-

ing plaintiff the principal sum of $10,361,660.64, severing the first through seventh counterclaims, and denying a stay of enforcement of said judgment without prejudice to renewal upon defendants' obtaining a stay in Brazil, unanimously modified, on the law, to the extent of awarding plaintiff attorneys' fees and disbursements in the amount of $131,132.31, and otherwise affirmed, with one bill of costs to plaintiff.

Although the motion court did not address the viability of defendants' fraudulent inducement defense, we note that the guaranty in the integrated loan documents was both "absolute and unconditional" and was enforceable "irrespective of * * * any other circumstances which might constitute a defense" and, accordingly, was "not [to be] affected or discharged by the unenforceability for any reason" of the loan agreement and accompanying notes. Thus, the express terms of the guarantee effectively barred the defense (*see, Citibank v Plapinger*, 66 NY2d 90, 95; *Bank of India v Sanghvi*, 224 AD2d 347). We also note that defendants have abandoned their argument, advanced to the motion court, that their obligation was vitiated by duress, a defense, in any event, barred by the above language. In view of the inadequacy of these defenses, it is unnecessary to determine, for purposes of the main action, whether plaintiff was the alter ego of the government.

Since the fraud defense is precluded, discovery would not have revealed anything material with respect to plaintiff's action.

The motion court properly severed the counterclaims for setoff, inasmuch as they arose apart from defendant's loan obligation and are not inextricably intertwined with, or inseparable from it (*see, Smith Elec. Contrs. v City of New York*, 211 AD2d 485, 487; *Yoi-Lee Realty Corp. v 177th St. Realty Assocs.*, 208 AD2d 185, 189). Given the independence of the loan obligation from the matters at issue in the counterclaims, denial of a stay of execution of the judgment pending resolution of the counterclaims was a proper exercise of discretion (*see, Stigwood Org. v Devon Co.*, 44 NY2d 922).

Nor did the motion court exercise its discretion improperly in determining that New York is an inconvenient forum to adjudicate the counterclaims, and implicitly dismissing them, since it is undisputed that the underlying events and circumstances implicated by the counterclaims occurred in Brazil and that resolution of the issues posed by those events and circumstances mandates resort to Brazilian law and witnesses, and requires an inquiry into complex Brazilian industry-government relationships (*see, Brooke Group v JCH Syndicate*

*488*, 214 AD2d 486, *affd* 87 NY2d 530; *Stoonhamer Amsterdam N.V. v CLAL [Israel] Ltd.*, 204 AD2d 186; *see also, State of Romania v Former King Michael*, 212 AD2d 422, *lv denied* 85 NY2d 811). Although plaintiff did not move for summary judgment on forum non conveniens grounds, and the court may not *sua sponte* invoke this basis for dismissal (*see, Todtman, Young, Tunick, Nachamie, Hendler, Spizz & Drogin v Richardson*, 231 AD2d 1, 5), forum non conveniens had been raised by plaintiff as an affirmative defense to the counterclaims and was a clearly articulated motif of plaintiff's arguments in the motion proceedings. Moreover, we note that defendants themselves had raised forum non conveniens as a defense to plaintiff's action.

We modify the March 6, 1997 order and judgment only to the extent of awarding plaintiff attorneys' fees as requested, since such fees were authorized by the loan documents and defendants' conclusory argument that the law firm's billings were excessive is unsupported by particularized challenges to the number of hours billed, the tasks performed or the rate charged, and did not raise any issue of fact warranting a hearing on the issue (*see, Old Paris v G.E.B.M. Intl.*, 170 AD2d 392; *Simithis v 4 Keys Leasing & Maintenance Co.*, 151 AD2d 339, 342; *compare, Rodriguez v Metropolitan Life Ins. Co.*, 234 AD2d 156, 157). In any event, upon our independent review of the record, we find that the total fee requested was reasonable under the circumstances (*see, Tige Real Estate Dev. Co. v Rankin-Smith*, 233 AD2d 227, 228).

We have considered defendants' other contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Williams, Mazzarelli and Saxe, JJ.