■ MONTER JOINT STOCK COMPANY, Appellant, v UDRUZENA BEOGRADSKA BANKA et al., Respondents. [684 NYS2d 214] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered February 2, 1998, dismissing the complaint, and bringing up for review an order, same court and Justice, entered October 21, 1997, which, in an action arising out of a dishonored letter of credit, granted defendant Banka entities' and Generalexport Belgrade's motions for summary judgment dismissing the complaint as against them, and *sua sponte* dismissed the complaint as against defendant BSE Genex Co. Ltd., unanimously modified, on the law, to reinstate the complaint as against BSE, and otherwise affirmed, without costs.

The cause of action against the issuing banks, Udruzena Beogradska Banka and its related entities, was properly dismissed on the ground that they were prohibited from honoring plaintiff's draw down request on the letter of credit by the Federal asset freeze in effect at the time (50 USC § 1702 [a] [3]). Plaintiff's present claim of anticipatory breach based on the banks' failure to offer to honor the letter of credit once sanctions are lifted in the future (*see, Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458) is improperly raised for the first time on appeal, and, in any event, is without merit absent allegations or proof that plaintiff ever made the requisite demand for assurances of future performance. Assuming, arguendo, personal jurisdiction over defendant Generalexport Belgrade, the cause of action against it for breach of guarantee was properly dismissed based upon the forum selection clauses in the contracts, which the motion court properly construed without resort to extrinsic evidence (*see, Kass v Kass*, 91 NY2d 554, 566-567). However, since defendant BSE did not move for such relief and was not a party to the agreements containing the forum selection clauses, it was error to dismiss the unjust enrichment cause of action against it (*see, Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co.*, 249 AD2d 137, 138-139; *cf., TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339). Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.