■ KRISHAN KASHYAP et al., Appellants, v BABCOCK & WILCOX, a Division of McDERMOTT INTERNATIONAL, et al., Respondents. (And a Third-Party Action.) [702 NYS2d 267] —Order, Supreme Court, New York County (Paula Omansky, J.), entered May 6, 1999, which, following reargument of defendants' previously granted motion to dismiss the action on grounds of forum non conveniens and, in connection therewith, a Referee's report and recommendations respecting the availability of an adequate alternative forum in the event of a forum non conveniens dismissal of plaintiffs' New York action, granted defendants' motions to confirm the Referee's report finding that India would be an adequate alternative forum and denied plaintiffs' cross motion to reject said report, and order, same court (Carol Arber, J.), entered on or about March 7, 1997, which, upon renewal, granted defendants' motions to dismiss the action on forum non conveniens grounds, unanimously affirmed, without prejudice to plaintiff moving, before the motion court, to restore the matter to the calendar in the event that the Indian tribunal issues a final order declining jurisdiction, without costs.

The Referee's report, concluding that India would be an adequate alternative forum for the prosecution of this products liability action and recommending that the court adhere to its prior determination dismissing the action based upon forum non conveniens, was properly confirmed since the Referee's findings are substantially supported by the record (see, Stone v Stone, 229 AD2d 388). Our review of Indian case law submitted to us subsequent to argument does not lead us to change this conclusion. Defendants have affirmatively waived any Statute of Limitations defense to commencement of this action in

India, which also is a factor underlying our decision. Plaintiff, a citizen of India, was allegedly injured in a work-related accident at his company plant located in India. He received all medical treatment for his accident-related injuries in India. The witnesses to the accident are situated in India and the investigations in the aftermath of the accident were performed there. Furthermore, the Indian company, owned by plaintiffs' brother, which supplied the machinery and materials involved in the accident, and which issued the specifications, tolerances and safety procedures used by plaintiff, although not named as a defendant, is a necessary party to the litigation and will not consent to New York jurisdiction. Although plaintiff initially indicated that he maintained a New York residence, it has since been disclosed that he resides primarily in India, where his wife works and his children are educated, that the New York "residence" belongs to his brother, and that his trips to New York are sporadic. In view of the foregoing, and the burden that the application of Indian law would place on New York's courts, the motion court's determination that New York would be an inconvenient forum was a proper exercise of discretion (*see, Islamic Republic v Pahlavi,* 62 NY2d 474, 479, *cert denied* 469 US 1108; *World Point Trading PTE v Credito Italiano,* 225 AD2d 153, 159; *Stoomhamer Amsterdam N.V. v CLAL [Israel],* 204 AD2d 186).

We have reviewed plaintiffs' remaining points and find them unavailing. Concur—Rosenberger, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.