■ THEMIS KATRAKAZOS et al., Respondents, v FRANK BAHAR, INC., et al., Respondents, and D. FRANTELLIZZI & SONS, INC., Appellant. (And a Third-Party Action.) [746 NYS2d 393] ■

This action arises out of a work site accident which occurred during the construction of a house owned by the defendant Frank Bahar, Inc. The injured plaintiff alleges that he sustained injuries when a brick fell from an upper floor and struck him on the head. The general contractors at the site, the defendants Frank Bahar, Inc., and Frank Baharestani, subcontracted various aspects of the project to several subcontractors. The subcontractors included the injured plaintiff's employer, Teddy's Development Corp., which was hired to perform the carpentry work, and the defendant D.

Frantellizzi & Sons, Inc. (hereinafter Frantellizzi), which was hired to perform the masonry work. Frantellizzi further subcontracted the labor portion of its contract to the defendant Bailieborough Masonry Corporation (hereinafter Bailieborough). The plaintiffs allege, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241 (6), against, among others, Frantellizzi. Frantellizzi moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, or, for summary judgment on its cross claim for indemnification against Bailieborough. The Supreme Court denied the motion, and Frantellizzi appeals.

The Supreme Court properly denied those branches of Frantellizzi's motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it (*see Everitt v Nozkowski,* 285 AD2d 442) and also properly denied summary judgment on its cross claim for indemnification against the defendant Bailieborough (*see Mitchell v Fiorini Landscape,* 284 AD2d 313).

However, since the plaintiffs failed to cite any Industrial Code provision that Frantellizzi could be said to have violated, that branch of the motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action should have been granted (*see DeGennaro v Long Is. R.R.,* 258 AD2d 496; *Cardenas v American Ref-Fuel Co. of Hempstead,* 244 AD2d 377).

Frantellizzi's remaining contention is without merit. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.