■ Antoni Turczynski, Appellant, v City of New York, Defendant and Third-Party Plaintiff-Respondent. Passal Con-

TRACTING CORP., Third-Party Defendant-Respondent. [793 NYS2d 132]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated January 12, 2004, which granted the motion of the third-party defendant Passal Contracting Corp. for summary judgment dismissing the complaint and the third-party complaint, granted the defendant's cross motion for summary judgment dismissing the complaint, and denied his cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed, with one bill of costs.

Labor Law § 240 (1) applies where the falling of an object is related to "a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Thus, to establish liability under Labor Law § 240 (1), a plaintiff must show more than simply that an object fell, thereby causing injury to a worker (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289 [2003]). A plaintiff must show that "the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14*, 286 AD2d 744 [2001]). Here, the Supreme Court properly dismissed the plaintiff's complaint insofar as it was predicated on Labor Law § 240 (1) because the plaintiff's activities did not fall within the special elevation risks encompassed by Labor Law § 240 (1) (*see Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d 909 [1998]; *Phillips v City of New York*, 228 AD2d 570 [1996]; *Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657 [1994]).

Furthermore, since the plaintiff failed to cite any concrete provision of the Industrial Code that could be said to have been violated by the defendant, the plaintiff's complaint insofar as it was predicated on Labor Law § 241 (6) was properly dismissed (*see Katrakazos v Frank Bahar, Inc.*, 297 AD2d 332, 333 [2002]; *Brechue v Town of Wheatfield*, 241 AD2d 935 [1997]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.