Hixon v 12-14 E. 64th Owners Corp. (2019 NY Slip Op 07341)





Hixon v 12-14 E. 64th Owners Corp.


2019 NY Slip Op 07341


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10050N 157114/16

[*1] Verina Hixon, Plaintiff-Appellant-Respondent,
v
12-14 East 64th Owners Corp., et al., Defendants-Respondents-Appellants, Robert Renzulli, et al., Defendants.


Waxman & Waxman, P.C., New York (Lawrence D. Waxman of counsel), and Leonard M. Kohen, New York, for appellant-respondent.
Rosenberg & Estis, P.C., New York (Bradley S. Silverbush of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about June 20, 2018, which denied plaintiff's motion for the appointment of a referee to determine the reasonableness of attorneys' fees incurred by 12-14 East 64th Owners Corp, Eric Juneau Blair and Matthew Mirones (the co-op defendants), and denied the co-op defendants' cross motion for sanctions, unanimously affirmed, without costs.
We find that an appeal lies from an order denying a motion to hear and determine pursuant to CPLR 4317(b) (see Davidson v Sterngrass , 279 AD 875, 875 [2d Dept 1952]). We agree with the motion court's determination that an order of reference was not necessary, because all of the proof necessary to determine whether the fees were reasonable was before the court (see Domino Media v Kranis , 215 AD2d 278, 278 [1st Dept 1995]; see also Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co. , 249 AD2d 137, 139 [1st Dept 1998]). Plaintiff's challenge to the fee award was unsupported by any particularized factual evidence (see Banco do Estado , 249 AD2d at 139).
Supreme Court providently denied the application for sanctions in accordance with 22 NYCRR 130-1.1.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK