■ CARMELO FELIX et al., Appellants, v MICHAEL LETTRE et al., Respondents. [612 NYS2d 435] —In an action to recover damages for the negligent construction of a house, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Charde, J.H.O.), entered February 4, 1992, as, upon granting the defendants' motion to dismiss the complaint for failure to establish a prima facie case, denied their motion for leave to amend their complaint or conform the pleadings to the proof.

Ordered that the order is affirmed insofar as appealed from, with costs.

The corporate defendant contracted to construct a single family home for the plaintiffs. The house was finished in October 1985 and the plaintiffs took possession. Two years later, in October 1987, the plaintiffs commenced this action to recover damages for negligent construction. The complaint contained one cause of action, sounding in negligence. Four years after service of the complaint, the case went to trial. At the close of the plaintiffs' case, the defendants moved to dismiss the action on the ground that the proof tended to show only a breach of contract and not negligence. The plaintiffs, for their part, sought leave to serve a supplemental complaint to state a cause of action sounding in breach of contract or to conform the pleadings to the proof. The trial court, *inter alia,* denied the plaintiffs' motion, holding that granting it would significantly prejudice the defendants.

While leave to serve a supplemental or amended pleading shall be freely granted (CPLR 3025 [b]), such a motion is committed to the sound discretion of the trial court *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957). Moreover, the resulting decision of the trial court should not be lightly set aside *(Napoli v Canada Dry Bottling Co.,* 166 AD2d 696). Although delay alone will not be sufficient cause to deny a party's motion to amend, delay coupled with significant prejudice to the nonmoving party should mandate the denial of the belated motion to amend the pleading *(see, Edenwald Contr. Co. v City of New York, supra).* Moreover, where an action has long been certified as ready for trial and the moving party had full knowledge of the new cause of action, in the absence of good cause for the failure to move to amend at an earlier date, the motion should be denied on the ground of gross laches alone *(see, Bertan v Richmond Mem. Hosp. & Health Ctr.,* 106 AD2d 362).

Here, the plaintiffs, without providing any explanation as to why they had not earlier moved to amend their complaint, allowed more than four years to elapse before they sought, at the close of their case upon trial and in response to the defendants' motion to dismiss the action, leave to serve an amended complaint or to conform the pleadings to the proof. Consequently the defendant had no notice that it should have prepared a defense for an allegation of breach of contract.

We therefore find that the plaintiffs' motion for leave to amend their complaint or conform the pleadings to the proof

was properly denied. Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.