■ MICHAEL RUBINO, Respondent, v FISHER REESE W.P. Associates et al., Appellants. [663 NYS2d 237] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered November 27, 1996, as denied their motion for summary judgment dismissing the causes of action asserted under Labor Law § 240 (1) and § 241 (6) and granted the branch of the plaintiff's cross motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment is granted, the branch of the plaintiff's cross motion which was for summary judgment on the issue of liability under Labor Law § 240 (1) is denied, and the plaintiff's causes of action pursuant to Labor Law § 240 (1) and § 241 (6) are dismissed.

The plaintiff, Michael Rubino, was employed by Canron Construction Corporation to install steel lintels at a construction site in White Plains known as the Westchester Pavilion. The construction site was owned by the defendant Fisher Reese W.P. Associates and managed by the defendant Gilbane Building Company, the general contractor. In order to lift the lintels to the appropriate height, the plaintiff and a coworker named Michael Murphy used a manual hoisting device called a Roust-A-Bout. The Roust-A-Bout was operated by cranking the handle on a winch attached to the device. As the plaintiff and Murphy lifted a lintel to a height of approximately six feet, the Roust-A-Bout suddenly tipped over. The plaintiff was injured when he was thrown from the device and struck in the back by the leg of the Roust-A-Bout on which he had been standing.

The plaintiff sought damages on various theories of liability, including violations of Labor Law § 240 (1) and § 241 (6). After discovery, the defendants moved, and the plaintiff cross-moved, for summary judgment on these statutory claims. The Supreme Court granted summary judgment in the plaintiff's favor on the Labor Law § 240 (1) claim and denied both the motion and cross motion with regard to the Labor Law § 241 (6) claim, holding that there was a material issue of fact as to whether that section of the Labor Law had been violated. We reverse.

Rubino neither fell from a height nor was struck by falling construction materials. He therefore cannot sustain an action against the defendants under Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843). Moreover, the

cause of action pursuant to Labor Law § 241 (6) should have been dismissed, as the plaintiff failed to cite an appropriate regulation containing concrete specifications applicable to the facts of this case (*see, McCole v City of New York,* 221 AD2d 605). O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.