■ WILLIAM B. THOMPSON, Appellant, v MICHAEL LUDOVICO, Doing Business as LUDOVICO CUSTOM HOMES, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. DYNAMIC DRAINAGE CORP., Third-Party Defendant-Respondent. [668 NYS2d 238] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle J.), dated January 6, 1997, as granted that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment dismissing the causes of actions under Labor Law §§ 240 and 241, and denied that branch of his cross motion which was for leave to amend his bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

It is well settled that Labor Law § 240 (1), which imposes absolute liability, "is addressed to situations in which a worker is exposed to the risk of falling from an elevated worksite or being hit by an object falling from an elevated worksite" (*Rocovich v Consolidated Edison Co.,* 167 AD2d 524, 526, *affd* 78

NY2d 509). Labor Law § 240 (1) was not designed to encompass the "usual and ordinary dangers of a construction site" (*Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843). The plaintiff was allegedly injured when, while he was working on a truck crane at a construction site, the boom of the crane slipped and crushed his arm. The plaintiff has not established a prima facie case that Labor Law § 240 (1) was violated because he was not injured by an elevation-related risk, but instead by a usual and ordinary danger. Even assuming that the plaintiff was exposed to an elevation-related risk, "[a]n object falling from a miniscule height [such as occurred here] is not the type of elevation-related injury that [Labor Law § 240 (1)] was intended to protect against" (*Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657, 658; *see, Rodriguez v Tietz Ctr. for Nursing Care, supra; Corsaro v Mt. Calvary Cemetery*, 214 AD2d 950; *Carringi v International Paper Co.*, 184 AD2d 137, 140). Thus, the court properly granted the defendant third-party plaintiff summary judgment on the cause of action asserted under Labor Law § 240 (1).

Nor did the court err in denying the plaintiff leave to amend his bill of particulars, in support of his cause of action under Labor Law § 241 (6), to refer to sections of the Industrial Code alleged to have been violated. While leave to serve an amended pleading shall be freely granted (*see,* CPLR 3025 [b]), such a motion is committed to the sound discretion of the trial court (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957). While delay alone will not be sufficient cause to deny a party's motion for leave to amend, where, as here, an action has long been certified as ready for trial and the moving party had full knowledge of the amendment sought, in the absence of good cause for the failure to move for leave to amend at an earlier date, the motion to amend should be denied on the ground of gross laches alone (*see, Edenwald Contr. Co. v City of New York, supra; Felix v Lettre*, 204 AD2d 679). Here, the plaintiff allowed more than five years to elapse before moving for leave to amend without providing any explanation as to why he had not earlier moved to amend his bill of particulars. Therefore, under the circumstances the denial of the plaintiff's cross motion was not an improvident exercise of discretion.

In any event, the sections of the Industrial Code cited in the plaintiff's proposed amended bill of particulars did not support his claim under Labor Law § 241 (6) because those sections were either merely general safety standards (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505; *Biszick v Ninnie Constr. Corp.*, 209 AD2d 661; *Gordineer v County of Orange*,

205 AD2d 584; 12 NYCRR 23-8.1 [a]; 23-8.2 [f] [2] [i]; 23-9.2 [a]) or not applicable to the case at bar (*see,* 12 NYCRR 23-8.1 [b] [1]-[5]; [d] [1]-[2]; [f]; 23-8.2 [c] [2]; [f] [2] [ii], [iii]; 23-9.2 [b]). Accordingly, the court also correctly dismissed the Labor Law § 241 (6) cause of action. Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.