■ FATMIR BOMOVA et al., Appellants, v KMK REALTY CORP. et al., Respondents. (And a Third-Party Action.) [679 NYS2d 673] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Shaw, J.), entered October 10, 1997, which, upon the granting of the defendants' motion to dismiss the complaint at the close of the plaintiffs' case, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The trial court properly granted the defendants' motion made at the close of the plaintiffs' case to dismiss the complaint on the ground that the accident was not covered by Labor Law § 240 (1). The injury sustained by the plaintiff Fatmir Bomova did not result from an elevation-related hazard such as falling from a height or being struck by a falling object that was improperly hoisted or secured (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *White v Dorose Holding,* 216

AD2d 290). Since the plaintiff's injuries did not result from the kind of risk that brought about the need for a protective device in the first instance, recovery cannot be based upon Labor Law § 240 (1) (*see, Melber v 6333 Main St.,* 91 NY2d 759; *Sutfin v Ithaca Coll.,* 240 AD2d 989, 990).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.