■ WILLIAM T. GOSS, as Administrator C. T. A. of the Estate of GEORGE G. MYERS, Deceased, Appellant-Respondent, v STATE UNIVERSITY CONSTRUCTION FUND et al., Respondents-Appellants, et al., Defendants. STATE UNIVERSITY CONSTRUCTION FUND et al., Third-Party Plaintiffs-Respondents, v CLARK RIGGING & RENTAL CORPORATION, Third-Party Defendant-Respondent-Appellant. [690 NYS2d 811] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff's decedent died from injuries he sustained when a steel extension jib to a boom crane fell from its storage location on the side of the boom crane truck and landed on his back. Defendant Ciminelli-Walbridge was the general contractor on the.

construction project, and third-party defendant owned the boom crane. Supreme Court properly dismissed the Labor Law § 240 (1) claim against all defendants. At the time of decedent's injury, the boom crane was not in use. Thus, Labor Law § 240 (1) does not apply because there was no elevated worksite (*see, Thompson v Ludovico*, 246 AD2d 642, 643; *Ruiz v 8600 Roll Rd.*, 190 AD2d 1030; *Carringi v International Paper Co.*, 184 AD2d 137, 139; *see generally, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). The court also properly dismissed the Labor Law § 241 (6) claim against all defendants. The regulation relied on by plaintiff, 12 NYCRR 23-8.1 (a), is a general safety standard that does not support a Labor Law § 241 (6) claim (*see, Thompson v Ludovico, supra*, at 643-644; *see generally, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Furthermore, plaintiff submitted no evidence that the boom crane was unstable (*see*, 12 NYCRR 23-8.1 [a]).

The court properly denied that part of the motion of third-party defendant to amend its answer to assert a counterclaim for breach of contract for the failure to name third-party defendant as an additional insured. While leave to amend a pleading "should be freely given absent prejudice or surprise" (*Weller v Marriott Mgt. Servs. Corp.*, 238 AD2d 888), a court may deny leave to amend when the proposed amendment lacks merit (*see, Ricci v New Era Cap Co.*, 224 AD2d 963, 963-964, quoting *Washburn v Citibank*, 190 AD2d 1057). The contractual language for the procurement of insurance was not clear and unambiguous and thus does not support the proposed counterclaim for breach of contract (*see generally, Bishop v Port Auth.*, 170 AD2d 565, 567, *lv denied* 78 NY2d 858).

The court erred, however, in denying that part of the motion of defendants State University Construction Fund (SUCF) and Ciminelli-Walbridge for summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against Ciminelli-Walbridge. Ciminelli-Walbridge established that it instructed decedent where to work but had no control over the method or manner of his operation of the boom crane. Because Ciminelli-Walbridge exercised only general supervision at the worksite, it is not liable under Labor Law § 200 or for common-law negligence (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Riley v Stickl Constr. Co.*, 242 AD2d 936, 936-937).

The court further erred in denying that part of the motion of SUCF and Ciminelli-Walbridge seeking a determination that decedent was not a "special employee" of Ciminelli-Walbridge. A special employee is one who is transferred for a limited dura-

tion to the service of another (*see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557). "General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*Thompson v Grumman Aerospace Corp., supra,* at 557). Here, decedent was employed by third-party defendant, and Ciminelli-Walbridge never assumed control over decedent's work.

We modify the order, therefore, by granting those parts of the motion of SUCF and Ciminelli-Walbridge seeking a determination that decedent was not a "special employee" of Ciminelli-Walbridge and dismissal of the Labor Law § 200 claim and common-law negligence cause of action against Ciminelli-Walbridge and thus dismissing the complaint against it. (Appeals from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.