◼ Michael Rubino, Appellant, v Fisher Reese W.P. Associates et al., Respondents. (And a Third-Party Action.) [689 NYS2d 643] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered April 24, 1998, as, upon reargument, granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when a hoist, which he was using to lift an architectural structure called a lintel, tipped and struck the backs of his legs. The plaintiff commenced this action to recover damages for alleged violations of Labor Law § 240 (1); § 241 (6) and § 200, and upon a theory of common-law negligence. By decision and order of this Court dated October 20, 1997, the causes of action asserted under Labor Law § 240 (1) and § 241 (6) were dismissed (*see, Rubino v Fisher Reese W.P. Assocs.,* 243 AD2d 620). Thereafter, the

defendants moved to reargue their prior motion for summary judgment to dismiss the remaining causes of action, and the court granted the motion. We affirm.

Contrary to the plaintiff's contention, there was no evidence that the defendants exercised any direction or control over the manner in which the plaintiff performed his work (*see, Greenwood v Shearson, Lehman & Hutton,* 238 AD2d 311; *Lattanzi v International Bus. Machs. Corp.,* 240 AD2d 475). Accordingly, the court properly granted summary judgment dismissing the complaint. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.