■ KLEVER JACOME et al., Respondents, v STATE OF NEW YORK, Appellant. [698 NYS2d 320] —In a claim to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Nadel, J.), entered August 24, 1998, as denied its motion for summary judgment dismissing the claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the claim is dismissed.

The claimant Klever Jacome was employed as a foreman by Mega Imperial Construction Corporation (hereinafter Mega), which contracted with the State to perform emergency road construction. On the date of the accident, Mega was to place steel plates over sections of the road. The steel plates were delivered in Mega's flatbed truck and were lying flat on top of

boards. A crane on a second truck was used to unload the plates by connecting the hook on the crane to a hook attached to each plate. The accident occurred while Klever Jacome was standing beside the flatbed truck directing the other workers. As one of the plates was being lifted into a vertical position on the truck bed, it slipped sideways on a board, striking the claimant's hand. The plate had not yet been lifted off of the truck bed when the accident occurred. He subsequently asserted claims against the State pursuant to Labor Law §§ 200, 240 (1), and § 241 (6) for injuries to his hand.

It is well settled that the hazards encompassed by Labor Law § 240 (1) "are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured * * * In other words, Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *see also, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Labor Law § 240 (1) therefore applies where the accident is the result of a difference in elevation between the worker and the work being performed, or a difference between the elevation level where the worker is positioned and the higher level of the material being hoisted or secured (*see, Melber v 6333 Main St.*, 91 NY2d 759; *Rocovich v Consolidated Edison Co., supra*).

The State's motion to dismiss the claim asserted pursuant to Labor Law § 240 should have been granted. Klever Jacome was working at ground level and the steel plates were on a flatbed truck level with his chest. The task of unloading a truck is not an elevation-related risk simply because there is a difference in elevation between the ground and the truck bed (*see, e.g., Tillman v Triou's Custom Homes*, 253 AD2d 254; *Phelan v State of New York*, 238 AD2d 882). Furthermore, since Klever Jacome was injured when the steel plate slid sideways on the bed of the truck, the special risk of being hit by an object falling from a higher elevation was not implicated (*see, Smith v Hovnanian Co.*, 218 AD2d 68; *see also, Melo v Consolidated Edison Co.*, 92 NY2d 909).

Even assuming that the evidence in the case at bar established that the injury occurred when the steel plate was raised a few inches above the bed of the truck, the claimants could not prevail under Labor Law § 240 (1). An object falling from a minuscule height is not the type of elevation-related injury

that Labor Law § 240 (1) was intended to protect against (see, e.g., Rodriguez v Tietz Ctr. for Nursing Care, 84 NY2d 841; Thompson v Ludovico, 246 AD2d 642; Sutfin v Ithaca Coll., 240 AD2d 989). Klever Jacome's injury was not an elevation-related risk but resulted from the type of ordinary and usual peril a worker is commonly exposed to at a construction site (see, Misseritti v Mark IV Constr. Co., 86 NY2d 487, 489).

The State also established its entitlement to dismissal of the claim asserted pursuant to Labor Law § 241 (6). The claimants allege that three Industrial Code regulations were violated during the activity which caused the injury (see, 12 NYCRR 23-8.1 [f] [1] [iii], [iv]; [6]; 23-8.2 [f] [2] [ii]). Assuming that these regulations constitute specific, as opposed to general, safety standards (see, Rizzuto v Wenger Contr. Co., 91 NY2d 343; Ross v Curtis-Palmer Hydro-Elec. Co., supra), the claimants failed to present proof sufficient to raise triable issues of fact as to whether these regulations applied to the particular equipment and activity involved in this case and, if so, whether the regulations were violated (see, Thompson v Ludovico, supra; Cardenas v American Ref-Fuel Co., 244 AD2d 377; Herman v St. John's Episcopal Hosp., 242 AD2d 316).

As the claimants conceded that the remaining claim asserted pursuant to Labor Law § 200 should be dismissed, the State's motion for summary judgment should be granted and the claim dismissed in its entirety. In view of our determination, we need not reach the State's alternative argument that the claim should be dismissed because Klever Jacome was its "special employee". O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.