■ Maximo Jiron, Appellant-Respondent, v China Buddhist Association, Defendant and Third-Party Plaintiff-Respondent-Appellant. Grand Pillar Construction Co., Third-Party Defendant-Respondent. [698 NYS2d 315] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated August 20, 1998, as denied his motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted that branch of the cross motion of the defendant third-party plaintiff China Buddhist Association which was to dismiss his cause of action to recover damages pursuant to Labor Law § 241 (6) claim, and the defendant third-party plaintiff, China Buddhist Association, cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) claim.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On January 28, 1992, the plaintiff was hired to perform general labor on a project to renovate a commercial building owned by the defendant third-party plaintiff, China Buddhist Association. The plaintiff's duties entailed loading building materials onto a platform which mechanically hoisted the materials up an attached ladder to a higher level of the structure, approximately 20 feet above the ground. That afternoon, the plaintiff and two coworkers were directed to move this device, known as a "platform hoist", to a different location. As the plaintiff bent down to lift the device, the hoist motor allegedly disengaged from the platform on top of the ladder and fell, striking him in the head. Although the plaintiff admitted at his deposition that he has no actual recollection of the accident, he estimates that the hoist motor fell from a height of approximately 15 to 20 feet above the ground. In addition, one of the plaintiff's coworkers, who witnessed the accident, claims that a portion of the platform hoist fell from a height of 30 feet.

After the accident, the plaintiff commenced this action against China Buddhist Association (hereinafter China Buddhist), the property owner, and Grand Pillar Construction Co., his employer, to recover damages for negligence and alleged violations of Labor Law § 240 (1) and § 241 (6). By order dated March 12, 1997, the employer's motion for summary judgment dismissing the complaint and all cross claims against it was granted and the action against China Buddhist was severed. The plaintiff subsequently moved for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), the "Scaffold Law" which imposes absolute liability upon property owners for injuries resulting from elevation-related hazards (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500). China Buddhist cross-moved for summary judgment, arguing that there was insufficient evidence of how the accident happened, and that even if the accident occurred in the manner claimed, it did not fall within the intended scope of Labor Law § 240 (1) because the motor fell while the plaintiff was moving the platform hoist at ground level, and not while he was hoisting materials to the top of the building. China Buddhist also contended that the plaintiff's Labor Law § 241 (6) claim should be dismissed because he failed to demonstrate a violation of a specific safety standard, which is necessary to establish liability pursuant to that provision. The Supreme Court denied the plaintiff's motion for summary judgment on his Labor Law § 240 (1) claim on the ground that there was an

issue of fact regarding the manner in which the accident occurred, and granted the cross motion of China Buddhist for summary judgment to the extent of dismissing the plaintiff's Labor Law § 241 (6) cause of action.

On appeal, China Buddhist argues that, as a matter of law, the plaintiff's accident does not come within the ambit of Labor Law § 240 (1). We disagree. Labor Law § 240 (1) requires all contractors and owners to furnish or erect "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" to construction workers employed on the premises. This provision, which is to be construed as liberally as possible to accomplish the purpose for which it was framed (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513), reflects a legislative intent to protect workers against the " 'special hazards' that arise when the work site either is itself elevated or is positioned below the level where 'materials or load [are] hoisted or secured' " (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501, quoting *Rocovich v Consolidated Edison Co., supra,* at 514). These "special hazards" consist of gravity-related accidents, such as "falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501).

Applying these principles to the instant case, we reject the contention of China Buddhist that the plaintiff's cause of action pursuant to Labor Law § 240 (1) must be dismissed as a matter of law. The plaintiff's accident is alleged to have occurred when the motor of a hoist which was being used to transport building materials from ground level to a higher level of the structure broke apart from the platform. The hoist motor fell, from a height of at least 15 feet above ground, and struck the plaintiff in the head. If the accident occurred in the manner alleged by the plaintiff, proper construction and placement of the hoist, which is one of the safety devices enumerated in the statute, could have prevented it. The statutory requirement that workers be provided with proper protection extends not only to the hazards of building materials falling from the hoist as they are being conveyed to the top of the structure, but also to the hazard of a defective hoist, or portion of the hoist, falling from an elevated level to the ground (*see, Smith v Jesus People,* 113 AD2d 980, 982-983).

The cases upon which the dissent relies are factually distinguishable and not controlling. In *Bomova v KMK Realty Corp.* (255 AD2d 351), the record on appeal reveals that the injured

plaintiff was standing at ground level, attempting to retract a ladder, when the upper extension section of the ladder suddenly collapsed and closed on his arm. This is not analogous to the case at bar, where an object detached from a hoist platform positioned at least 15 feet above the ground. Similarly, *Rubino v Fisher Reese W.P. Assocs.* (243 AD2d 620), did not involve a falling object. The dissent's reliance upon *Carringi v International Paper Co.* (184 AD2d 137), is also misplaced, since the plaintiff in that case was involved in the ground level assembly of equipment which could not be used as one of the devices contemplated by Labor Law § 240 (1) until the assembly was completed.

Although we reject the defendant's claim that the plaintiff's accident does not fall within the scope of Labor Law § 240 (1), we agree with the Supreme Court that it would be inappropriate to award the plaintiff summary judgment on this cause of action. In opposition to the plaintiff's motion for summary judgment, China Buddhist submitted the plaintiff's deposition testimony that he did not remember what happened after he bent down to pick up the platform hoist, and that a coworker subsequently explained to him what caused him to be knocked unconscious. In response, the plaintiff submitted an extremely brief affidavit from a coworker who allegedly witnessed the accident. Under these circumstances, the plaintiff has not sufficiently proven the manner in which the accident occurred to warrant an award of summary judgment in his favor.

We further find that the Supreme Court properly dismissed the plaintiff's Labor Law § 241 (6) cause of action. To establish a cause of action under Labor Law § 241 (6), a plaintiff must demonstrate that the defendant has violated a specific safety rule established by the Commissioner of the Department of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 503-505; *Fills v Merit Oil Corp.*, 258 AD2d 556). Here, the Industrial Code provisions upon which the plaintiff relies either do not set forth specific safety standards, or have not been proven to apply to the facts of this case (*see, Sears v Niagara County Indus. Dev. Agency*, 258 AD2d 918; *Daly v City of New York*, 254 AD2d 214; *Cardenas v American Ref-Fuel Co.*, 244 AD2d 377; *Greenwood v Shearson, Lehman & Hutton*, 238 AD2d 311). Joy, J. P., Krausman and H. Miller, JJ., concur.

Feuerstein, J., concurs in part and dissents in part and votes to modify the order appealed from by deleting the provision thereof denying that branch of the cross motion of China Buddhist Association which was for summary judgment dismissing the plaintiff's claim pursuant to Labor Law § 240 (1) and

substituting therefor a provision granting that branch of the cross motion, with the following memorandum: I respectfully disagree with my colleagues' conclusion that there is a question of fact regarding a violation of Labor Law § 240 (1) under the facts presented in this case.

The plaintiff was employed by a subcontractor hired by the owner of the property, the defendant third-party plaintiff, China Buddhist Association (hereinafter China Buddhist). The plaintiff and two coworkers were instructed to move a platform hoist to another location on the side of the building under construction. The platform hoist is essentially a ladder with an attached hoisting mechanism which allows building materials to be carried to the roof of a building. In performing the assigned task, the plaintiff stood in front of the platform hoist and, as he bent down to lift the ladder, the hoist motor disengaged, fell approximately 15 or 20 feet, and, apparently, hit the plaintiff in the back of the head.

Labor Law § 240 (1) provides, in pertinent part, as follows: "All contractors and owners * * * shall furnish or erect, or cause to be furnished or erected * * * scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to [construction workers employed on the premises]".

The list of required safety devices contained in Labor Law § 240 (1), all of which are used in connection with elevation differentials, evinces a clear legislative intent to provide exceptional protection for workers against the special hazards that arise when the work site either is itself elevated or is positioned below the level where the materials or loads are hoisted or secured (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). These special hazards, however, do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, the special hazards are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). More recently, the Court of Appeals held that if the risk involved could not be avoided by the proper placement of one of the enumerated devices, then Labor Law § 240 (1) will not apply (*see, Melber v 6333 Main St.,* 91 NY2d 759, 763).

Other decisions of this Court and other Appellate Divisions indicate that the plaintiff's Labor Law § 240 (1) claim must be dismissed. In *Bomova v KMK Realty Corp.* (255 AD2d 351), the

plaintiff was in the process of moving a ladder when the top half of the ladder collapsed onto his arm. This Court held that the Supreme Court properly dismissed the Labor Law § 240 (1) claim because the injury sustained did not result from an elevation-related hazard such as falling from a height or being struck by a falling object that was improperly hoisted or secured. Additionally, this Court stated that "[s]ince the plaintiff's injuries did not result from the kind of risk that brought about the need for a protective device in the first instance, recovery cannot be based upon Labor Law § 240 (1)" (*Bomova v KMK Realty Corp., supra,* at 352). Similarly, in *Rubino v Fisher Reese W.P. Assocs.* (243 AD2d 620), the plaintiff was working a manual hoist called a "Roust-A-Bout" and had lifted a load to a height of about six feet when the hoist tipped over. The plaintiff was thrown from the device and was struck in the back of the leg by the "Roust-A-Bout" as it fell. This Court held that there could be no valid Labor Law § 240 (1) claim because the plaintiff "neither fell from a height nor was struck by falling construction materials" (*Rubino v Fisher Reese W.P. Assocs., supra,* at 620).

In *Carringi v International Paper Co.* (184 AD2d 137), the plaintiff was injured while assembling a crane when the crane malfunctioned and a heavy crane cable fell on his face. The Appellate Division, Third Department, stated that the mere fact that a worker was struck by a falling object does not establish a violation of Labor Law § 240 (1). Rather, that Court focused on whether the work involved an elevation-related risk. The Court stated that the crane was being assembled at ground level, creating no elevation difference between the level of the required work and a lower level and, while the cable which struck the plaintiff was above the workers, it was not directly involved in the work being performed (*see, Carringi v International Paper Co., supra,* at 140). Accordingly, the Appellate Division, Third Department, held that the plaintiff was not exposed to an elevation-related risk requiring the provision of any of the devices listed in Labor Law § 240 (1). The Court noted that the allegations, at best, suggested that an improper procedure was used to assemble the crane (*Carringi v International Paper Co., supra,* at 141; *see also, Goss v State Univ. Constr. Fund,* 261 AD2d 860 [no Labor Law § 240 (1) claim where the steel extension jib to a boom crane fell from its storage location on the side of boom crane truck and landed on the plaintiff's back]; *Violette v Armonk Assocs.,* 823 F Supp 224 [SD NY 1993; no Labor Law § 240 (1) claim where hoist chain broke and ripper hit the plaintiff]).

Here, the plaintiff was working at ground level moving the

platform hoist to a different location when the hoist motor allegedly disengaged and hit him in the head. The cases of *Bomova v KMK Realty Corp. (supra)*, and *Carringi v International Paper Co. (supra)* are indistinguishable. The plaintiff was not involved in an elevation-related activity at the time of his injury. The malfunctioning hoist was not directly involved in his work. Rather the facts support a finding that an improper procedure was used to move the platform hoist or that there was a defective design or manufacturing of the subject hoist. Additionally, the plaintiff's injuries did not result from the kind of risk that brought about the need for the hoist in the first instance (*see, Melber v 6333 Main St.,* 91 NY2d 759, *supra*). Specifically, the plaintiff was not hit with a falling load which the hoist was carrying to the top of the building under construction. Moreover, unlike *Rubino v Fisher Reese W.P. Assocs. (supra)*, where the plaintiff was actually working the hoist when it malfunctioned and this Court held that there could be no Labor Law § 240 (1) claim, the plaintiff here was not even operating the hoist.

In all cases in which a valid Labor Law § 240 (1) claim has been found to exist, the owner or general contractor could have prevented the injury to the plaintiff by providing a proper protective device listed in the statute. Here, I fail to see how China Buddhist could have protected the plaintiff from the malfunctioning hoist. Further, the plaintiff has not presented any evidence, expert or otherwise, that some kind of safety device should have been used.

Accordingly, I would grant the motion of China Buddhist Association for summary judgment dismissing the complaint in its entirety, as I agree with the majority's determination that there is no valid Labor Law § 241 (6) claim and the plaintiff has apparently abandoned the common-law negligence and Labor Law § 200 claims.