■ JOHN T. SMITH et al., Appellants, v HERCULES CONSTRUCTION CORPORATION et al., Respondents. (And Other Titles.) [711 NYS2d 453] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Price, J.), dated April 29, 1999, which, upon granting the respective motions of the defendants Cox Mechanical Contracting, Inc., and Hercules Construction Corporation pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiffs' case, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision granting those branches of the defendants' respective motions which were to dismiss the plaintiffs' causes of action sounding in common-law negligence and violation of Labor Law § 200 and substituting therefor a provision denying those branches of the defendants' respective motions, and severing those causes of action; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial on those causes of action only.

In June 1992 the injured plaintiff was employed by a subcontractor installing a sprinkler system at Port Richmond High School in Richmond County. When he went to borrow some pipe from the defendant Cox Mechanical Contracting, Inc. (hereinafter Cox), another subcontractor on the same project, he allegedly tripped and fell on a piece of pipe that Cox employees had left on the floor. The plaintiff and his wife then commenced the instant action against Cox and the defendant Hercules Construction Corporation (hereinafter Hercules), the general contractor on the project, to recover damages, *inter alia*, for personal injuries allegedly sustained. The plaintiffs, *inter alia*, asserted causes of action sounding in common-law negligence and violations of Labor Law §§ 200 and 241 (6). At the close of the plaintiffs' case at trial, Cox and Hercules each moved to dismiss to the complaint pursuant to CPLR 4401 on the ground that the plaintiff failed to establish a prima facie case. The trial court granted the motion, and the plaintiffs appeal.

"It is well-settled that a motion to dismiss a complaint for failure to establish a prima facie case should only be granted if, upon viewing the evidence in a light most favorable to the plaintiff, there is no rational process by which a jury could find for the plaintiff and against the moving defendant" (*DiGiovanni v Rausch,* 226 AD2d 420; *see,* CPLR 4401). Applying this standard to the instant case, the trial court improperly granted those branches of the respective motions of Cox and Hercules which were to dismiss the plaintiffs' common-law negligence and Labor Law § 200 causes of action at the close of the plaintiffs' case. The plaintiffs established a prima facie case that Cox was negligent in leaving a piece of pipe, on which the injured plaintiff tripped and fell, on the floor in a doorway. They established a prima facie case that Cox created the allegedly dangerous condition, and that Hercules had "the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Picciano & Son,* 54 NY2d 311, 317; *see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352).

Contrary to the plaintiffs' contention, however, the trial court providently exercised its discretion in denying them leave to amend their bill of particulars in support of their cause of action under Labor Law § 241 (6), to refer to sections of the Industrial Code alleged to have been violated. "While leave to serve an amended pleading shall be freely [given] (*see,* CPLR 3025 [b]), such a motion is committed to the sound discretion of the trial court (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957). While delay alone will not be sufficient cause to deny a party's motion for leave to amend, where, as here, an action has long been certified as ready for trial and the moving party had full knowledge of the amendment sought, in the absence of good cause for the failure to move for leave to amend at an earlier date, the motion to amend should be denied on the ground of gross laches alone (*see, Edenwald Contr. Co. v City of New York, supra; Felix v Lettre,* 204 AD2d 679)" (*Thompson v Ludovico,* 246 AD2d 642, 643). In the instant case, despite a preliminary conference order dated January 18, 1995, which expressly directed the plaintiffs to supplement their verified bill of particulars within 30 days by specifying the Industrial Code Regulations allegedly violated, the plaintiffs waited until the eve of trial, more than three years later, to attempt service of a supplemental verified bill of particulars identifying the specific sections of the Code. Further, they did not provide good cause for their failure to move for leave to amend at an earlier date.

Without pleading and proving that the defendants violated a

specific safety rule established by the Commissioner of the Department of Labor, the plaintiffs' cause of action asserting violations of Labor Law § 241 (6) was properly dismissed (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Jiron v China Buddhist Assn.,* 266 AD2d 347; *Norton v Park Plaza Owners Corp.,* 263 AD2d 531). Friedmann, J. P., Krausman, Luciano and Schmidt, JJ., concur.