■ TERESA MULAR et al., Respondents, v RICHARD FRED-ERICKS et al., Appellants. [759 NYS2d 893] —In a consolidated action to recover damages for personal injuries, etc., the defendants appeal from an interlocutory judgment of the Supreme Court, Suffolk County (Dunn, J.), entered August 27, 2002, which, after a jury trial on the issue of liability, is in favor of the plaintiffs and against them.

Ordered that the interlocutory judgment is affirmed, with costs.

"[W]here an action has long been certified as ready for trial and the moving party had full knowledge of the new cause of action, in the absence of good cause for the failure to move to amend at an earlier date, the motion should be denied on the ground of gross laches alone" (*Felix v Lettre*, 204 AD2d 679, 680 [1994]; *see also Smith v Hercules Constr. Corp.*, 274 AD2d 467, 468 [2000]). Here, the plaintiffs demonstrated good cause for the failure to move for leave to amend their pleadings at an earlier date and further demonstrated that the defendants were not prejudiced by the amendment. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to amend their pleadings.

The defendants' argument that the Supreme Court should have stricken the testimony of the plaintiffs' expert because he lacked a technical basis for his opinion is unpreserved for appellate review (*see Tarlowe v Metropolitan Ski Slopes*, 28 NY2d 410, 413 [1971]). In any event, the alleged failure of the plaintiffs' expert to specify the technical basis of his opinion only affects the weight of his testimony (*see Tarlowe v Metropolitan Ski Slopes, supra* at 414).

The defendants' remaining contentions are without merit. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.