■ Man Choi Chiu et al., Respondents, v Winston Chiu et al., Appellants. [832 NYS2d 89]—

In an action to cancel a deed and set aside a conveyance of real property and to recover damages for unjust enrichment, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Blackburne, J.), which, after a nonjury trial, inter alia, determined that the defendant Winston Chiu "was never a member of the [plaintiff 42-52 Northern Blvd.] LLC" and that the plaintiff Man Choi Chiu is the "sole member" thereof, granted the plaintiffs' application to conform the pleadings to the proof by amending paragraphs 50 and 51 of the complaint and paragraph 2 of the ad damnum clause, determined that the deed and title to the subject premises held by the defendants is null and void, precluded the

defendants from any financial involvement, participation, management, membership, rights, privileges, interest, or emoluments of membership in the plaintiff 42-52 Northern Blvd., LLC, and the premises known as 42-52 Northern Blvd., and awarded the plaintiffs an attorney's fee.

Ordered that the order and judgment is modified, on law and on the facts, by (1) deleting the provisions thereof which determined that the defendant Winston Chiu "was never a member of the [plaintiff 42-52 Northern Blvd.] LLC" and that the plaintiff Man Choi Chiu is the "sole member" thereof, (2) deleting the provisions thereof which granted the plaintiffs' application to conform the pleadings to the proof by amending paragraphs 50 and 51 of the complaint and paragraph 2 of the ad damnum clause, and (3) deleting the provision thereof precluding the defendants from any financial involvement, participation, management, membership, rights, privileges, interest, or emoluments of membership in the plaintiff 42-52 Northern Blvd., LLC, and the premises known as 42-52 Northern Blvd.; as so modified, the order and judgment is affirmed, without costs or disbursements.

In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority "is as broad as that of the trial court" and includes the power to "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983] [citations and internal quotation marks omitted]; *see Hall v Sinclaire,* 35 AD3d 660 [2006]; *Matter of Fasano v State of New York,* 113 AD2d 885, 888 [1985]).

Here, the trial court's determination that the defendant Winston Chiu "was never a member of the [plaintiff 42-52 Northern Blvd.] LLC" was against the weight of the documentary and testimonial evidence relating to the original purchase and financing of the subject premises by the plaintiff 42-52 Northern Blvd., LLC (hereinafter the LLC), in September 1999. Among other things, the LLC's counsel in connection with those transactions, Wander & Golden, LLP (hereinafter Wander & Golden), provided an opinion letter representing, in relevant part, that certain loan documents executed by Winston Chiu, as member of the LLC, were "duly authorized, validly and duly executed and delivered by the [LLC] . . . and constitute the valid, binding and enforceable obligation of the [LLC]."

Moreover, the trial court lacked a proper factual and legal basis to grant the plaintiffs' application, after the close of the

evidence, to amend the complaint to include a new cause of action for a declaration that Winston Chiu was merely a "nominal member" of the LLC, who could be expelled therefrom upon payment to him by the LLC of the value of the 4% capital account. At the outset, under the circumstances presented, the plaintiffs' post-trial application to add an entirely new cause of action under the guise of conforming the pleadings to the proof, apart from evincing gross laches on the part of the movant, was arguably prejudicial to the defendant (*see Felix v Lettre*, 204 AD2d 679 [1994]; *cf. Mular v Fredericks*, 305 AD2d 648 [2003]). In any event, the court's determination as to the membership of the LLC should have been based primarily on the LLC's own records, which, by law, must include "a current list of the full name set forth in alphabetical order and last known mailing address of each member together with the contribution and the share of profits and losses of each member or information from which such share can be readily derived" (Limited Liability Company Law § 1102 [a] [2]). The only documentary evidence that arguably satisfied this requirement consisted of the LLC's tax returns for the years 1999 and 2000, both of which listed the defendant Winston Chiu as a member having a 25% ownership of capital, profit sharing, and loss sharing and the plaintiff Man Choi Chiu as the other member having a 75% ownership of capital, profit sharing, and loss sharing. Thus, the proposed amendment was unwarranted by the evidence (*cf. Romano v Romano*, 139 AD2d 979, 980 [1987]). For the same reason, the trial court's finding that Man Choi Chiu was the "sole member" of the LLC is similarly unsupported by the record evidence.

Additionally, the trial court erred in refusing to receive as evidence offered by the defendants an operating agreement, purportedly entered into before the organization of the LLC (*see* Limited Liability Company Law § 417 [c]), between Winston Chiu and Man Choi Chiu's late son, Henry Chiu. As correctly noted by the defendants in their brief, the very same agreement, which, inter alia, granted Winston Chiu the right to acquire up to 25% of the ownership interest in the LLC and Henry Chiu the right to acquire the remaining 75% interest, was included as part of the closing statement prepared by Wander & Golden, which had previously been admitted into evidence on consent of the parties.

We discern no basis, however, to disturb the trial court's determination to set aside as fraudulent the purported transfer by the defendant Winston Chiu of the LLC's sole asset, the underlying real property, from the LLC to a trust controlled by him and the other individual defendants for a purchase price of ten dol-

lars, without payment of city and state transfer taxes, and in violation of the terms of the mortgage (see *Citibank, N.A. v Plagakis*, 8 AD3d 604 [2004]).

The defendants' remaining contentions are without merit. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.