■ EDWARD PITRE et al., Appellants, v CITY OF NEW YORK, Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Respondent. [938 NYS2d 170]—

662

Contrary to the plaintiffs' contention, the Supreme Court properly granted the motions of the defendant third-party plaintiff and the third-party defendant (hereinafter together the defendants), made at the close of evidence, for judgment as a matter of law dismissing the cause of action to recover damages based upon a violation of Labor Law § 241 (6). The plaintiffs did not identify in their complaint or verified bill of particulars the specific sections of the Industrial Code relied upon in opposition to the defendants' motions. Additionally, the plaintiffs did not move to amend their pleadings pursuant to CPLR 3025 (b) or (c). Nearly 10 years elapsed from the time the plaintiffs served their verified bill of particulars until they sought at trial to rely upon the contested Industrial Code sections, and the plaintiffs offered no explanation as to why they had not earlier moved to amend their pleadings. Under these circumstances, the Supreme Court properly granted the defendants' motions pursuant to CPLR 4401 for judgment as a matter of law dismissing the plaintiffs' Labor Law § 241 (6) cause of action (*see Owen v Commercial Sites*, 284 AD2d 315 [2001]; *Smith v Hercules Constr. Corp.*, 274 AD2d 467, 468 [2000]).

Contrary to the plaintiffs' contention, the Supreme Court did not err in denying their motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on their Labor Law § 240 (1) cause of action. In order to grant such a motion, the court must, viewing the evidence in the light most favorable to the defendant, conclude that there is no rational process by which the jury could base a finding in favor of the defendant (*see* CPLR 4401; *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Nestro v Harrison*, 78 AD3d 1032, 1033 [2010]). Here, there was a rational process by which the jury could find that the defendant third-party plaintiff did not violate Labor Law § 240 (1). Upon the evidence presented, the jury could have rationally concluded that a ladder the injured plaintiff was using for the work was adequate and did not slip or that any inadequacy in the ladder was not the proximate cause of the injury. Accordingly, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on their Labor Law § 240 (1) cause of action.

The plaintiffs' remaining contention is without merit. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.