█ KIMSO APARTMENTS, LLC, et al., Plaintiffs/Counterclaim Defendants-Appellants-Respondents, v MAHESH GANDHI, Defendant/Counterclaim Plaintiff-Respondent-Appellant. ARLINGTON FILLER et al., Additional Counterclaim Defendants-Respondents. [961 NYS2d 242]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs/counterclaim defendants appeal, as limited by their respective briefs, from so much of a judgment of the Supreme Court, Richmond County (Fusco, J.), dated September 1, 2011, as, upon a decision and order (one paper) of the same court dated August 22, 2011, inter alia, granting the defendant/counterclaim plaintiff's application to conform the pleadings to the proof to include a counterclaim alleging that the plaintiffs/counterclaim defendants breached a settlement agreement dated August 14, 2002, by failing to make payments owed to him pursuant to that agreement and for judgment on that counterclaim, is in favor of the defendant/counterclaim plaintiff and against them in the principal sum of $1,700,000 on that counterclaim and dismissed the complaint, and the defendant/counterclaim plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as dismissed his counterclaim for costs and legal fees.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the second, third, fourth, and fifth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the application to conform the pleadings to the proof to include a counterclaim for payments allegedly due pursuant to a settlement agreement dated August 14, 2002, and for judgment on that counterclaim, is denied, and the decision and order dated August 22, 2011, is modified accordingly.

On August 14, 2002, the plaintiffs/counterclaim defendants (hereinafter the plaintiff corporations) and the additional counterclaim defendants entered into a settlement agreement with the defendant/counterclaim plaintiff (hereinafter the defendant), settling several lawsuits. In this action, the plaintiff corporations sued the defendant, claiming that he owed them money pursuant to several promissory notes for loans made to him prior to the settlement agreement. The defendant responded by asserting that his obligations under the promissory notes had been extinguished by the settlement agreement. Following

a nonjury trial, the trial court entered judgment in favor of the defendant.

Upon reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 81 AD3d 763, 764 [2011], *affd* 19 NY3d 223 [2012]). We find no basis to disturb the trial court's determination that the settlement agreement extinguished the defendant's obligations under the subject promissory notes.

A written agreement that is complete, clear, and unambiguous on its face must be enforced so as to give effect to the meaning of its terms and the reasonable expectations of the parties, and the court should determine the intent of the parties from within the four corners of the contract without looking to extrinsic evidence to create ambiguities (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Belle Harbor Wash. Hotel, Inc. v Jefferson Omega Corp.*, 17 AD3d 612 [2005]). Here, a plain reading of the settlement agreement establishes that it settled, among other things, all known and unknown claims that were the subject of the prior lawsuits. The prior lawsuits involved, inter alia, the disposition of the plaintiff corporations' assets, and the liquidation of the defendant's ownership interest in the plaintiff corporations. The subject promissory notes were assets of the plaintiff corporations, and clearly would have been an issue in the subject prior lawsuits had they continued to be prosecuted. Accordingly, the trial court properly dismissed the plaintiff corporations' action, on the ground that their claims were barred by the settlement agreement.

However, the trial court improvidently exercised its discretion in granting the defendant's application at the conclusion of the trial to conform the pleadings to the proof to include a counterclaim alleging that the plaintiff corporations breached the settlement agreement by failing to make payments allegedly owed to him pursuant to that agreement and for judgment in the defendant's favor on that counterclaim. Although leave to amend a pleading "shall be freely given" in the absence of surprise or prejudice (CPLR 3025 [b]), in view of the defend-

ant's extensive delay in moving to assert his counterclaim, his lack of a reasonable excuse for the delay in seeking that relief, and the fact that he was fully aware of the facts underlying the amendment sought during the entire time this action was pending, the trial court should have denied his application as barred by the doctrine of laches (*see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 525 [2005]; *Sewkarran v DeBellis*, 11 AD3d 445, 445-446 [2004]; *cf. Mular v Fredericks*, 305 AD2d 648 [2003]). The belated amendment of the defendant's answer prejudiced the plaintiff corporations, since they had no opportunity to present defenses to the counterclaim.

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.