Benegas v Ardsley Country Club, Inc. (2024 NY Slip Op 04368)

Benegas v Ardsley Country Club, Inc.

2024 NY Slip Op 04368

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2020-04106 
2020-06773
 (Index No. 53090/18)

[*1]Bladimir Torres Benegas, appellant, 
v
Ardsley Country Club, Inc., et al., defendants third-party plaintiffs- respondents; Matthew General Construction Corp., third-party defendant-respondent.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Marshall, Conway, Bradley, Gollub & Weissman, P.C., New York, NY (Lauren R. Turkel of counsel), for defendants third-party plaintiffs-respondents.
Conway, Farrell, Curtin & Kelly, P.C., New York, NY (Michael T. Blumenfeld and Darrell John of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated March 16, 2020, and (2) an order of the same court dated July 22, 2020. The order dated March 16, 2020, insofar as appealed from, granted that branch of the unopposed motion of the defendants third-party plaintiffs which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6). The order dated July 22, 2020, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 5015, in effect, to vacate the order dated March 16, 2020, and pursuant to CPLR 3025 for leave to amend the bill of particulars.
ORDERED that the appeal from so much of the order dated March 16, 2020, as granted that branch of the unopposed motion of the defendants third-party plaintiffs which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) is dismissed, as no appeal lies from an order entered on the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated July 22, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action against the defendants third-party plaintiffs, Ardsley Country Club, Inc. (hereinafter Ardsley), and Murphy Brothers Contracting, Inc. (hereinafter Murphy Brothers, and together with Ardsley, the defendants), to recover damages for personal [*2]injuries the plaintiff alleged he sustained in March 2017, when he was working for the third-party defendant, Matthew General Construction Corp., which was hired by Murphy Brothers, the general contractor, to install a new roof at a clubhouse owned by Ardsley. The plaintiff alleged, inter alia, that the top of his left ring finger was severed while he was working and asserted, among other things, a cause of action alleging a violation of Labor Law § 241(6). The defendants moved, inter alia, for summary judgment dismissing the complaint. The plaintiff did not timely oppose the defendants' motion. In an order dated March 16, 2020 (hereinafter the March 2020 order), the Supreme Court, among other things, granted that branch of the defendants' unopposed motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 5015, in effect, to vacate the March 2020 order and pursuant to CPLR 3025 for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-6.1(e) with regard to the Labor Law § 241(6) cause of action. In an order dated July 22, 2020, the court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 5015, in effect, to vacate the March 2020 order. CPLR 5015(a)(1) permits the vacatur of an order rendered as a result of "excusable default." Bare allegations of law office failure, such as those offered by the plaintiff for his failure to timely oppose the defendants' motion, inter alia, for summary judgment dismissing the complaint are insufficient to warrant vacatur (see Pawoor Kim v Xin Chen, 189 AD3d 1061, 1062; Soto v Chelsea W26, LLC, 166 AD3d 1048, 1049-1050).
The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3025 for leave to amend the bill of particulars. "[O]nce discovery has been completed and the case has been certified as ready for trial, [a] party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Achee v Merrick Vil., Inc., 208 AD3d 542, 542-543 [internal quotation marks omitted]; see Lorincz v Castellano, 208 AD3d 573, 574-575). Although a motion for leave to amend a bill of particulars may be granted even after the note of issue has been filed (see Achee v Merrick Vil., Inc., 208 AD3d at 543), the length of time that elapsed after the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom are factors to consider in whether to grant such a motion (see id.; King v Marwest, LLC, 192 AD3d 874, 876). Here, the plaintiff offered no excuse for his delay in seeking leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-6.1(e) as a predicate for the Labor Law § 241(6) cause of action (see Lorincz v Castellano, 208 AD3d at 575; Pitre v City of New York, 92 AD3d 661, 662). Moreover, contrary to the plaintiff's contention, the proposed amendment presented a new theory of liability (see Blumenthal v 1979 Marcus Ave. Assoc., LLC, 203 AD3d 1122, 1123; King v Marwest, LLC, 192 AD3d at 877).
In light of our determination, we need not consider the parties' remaining contentions.
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court