■ LUIS REYNOSO et al., Appellants-Respondents, v PROSPECT ASSOCIATES, L.P., et al., Respondents-Appellants. FLINTLOCK CONSTRUCTION, INC., Third-Party Plaintiff-Respondent-Appellant, v CAPARAC CONTRACTING Co., INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [676 NYS2d 171] —Order, Supreme Court, New York County (David Saxe, J.), entered March 19, 1997, which denied the respective motions of plaintiffs and defendants Prospect Associates, L.P. and Flintlock Construction, Inc. for partial summary judgment as to liability under Labor Law § 240 (1), and denied defendants' motions for partial summary judgment on their respective cross claim and third-party claim for indemnification on plaintiffs' Labor Law claim, unanimously affirmed, without costs.

Plaintiff Luis Reynoso, an employee of third-party defendant Caparac Contracting Co., was engaged in demolition work at a building on Vyse Avenue in the Bronx owned by defendant Prospect Associates, L.P., when the general contractor for that and other Prospect properties, defendant Flintlock, asked the subcontractor to send several workers to another Prospect-owned building. Pursuant to this request, plaintiff and three other Caparac employees went to 831 Home Street, which was among the Prospect properties scheduled for demolition. While the parties dispute the nature of the work that the Caparac employees were told to perform at the Home Street address, the following facts are undisputed: no demolition work had begun at those premises; the building was completely closed up, with the front entrance sealed off with cement blocks; the four workers were unsupervised when they arrived, and they found no one at or inside the premises; and they had to break into the building in order to gain access. Upon gaining entry, plaintiff climbed the interior staircase, which collapsed when he reached the fifth-floor landing, causing him to fall and sustain his injuries. According to a pre-demolition survey of the building conducted for Flintlock, the stairs were "unsafe

and not to be used," and "OSHA-approved ladders" were "to be provided for traffic between floors."

According to plaintiff, he and the other workers—all of whom spoke and understood little English—had been instructed to perform interior demolition work; according to their employer, who had given them their instructions, he directed them only to sweep up the front exterior area of the building in anticipation of a visit from a bank representative. Flintlock maintains that demolition work at 831 Home Street was not scheduled to begin for another month and was to be performed by third-party defendant A.L.C. Contracting Corp., a company owned by the same individual as Caparac.

Under these facts, the IAS Court properly denied summary judgment as to all the moving parties. In particular, with respect to plaintiffs' argument concerning Labor Law § 240 (1), we note that while the statute imposes absolute liability on owners and contractors to provide such things as scaffolding or ladders or "other devices" so as to "give proper protection" to workers engaged in the "erection" or "demolition" of a "building or structure," the parties here vigorously dispute the threshold issue of whether plaintiff was even authorized to be in the premises where the accident occurred, much less whether the staircase comes within the scope of the statute. Such issues concerning plaintiff's presence inside the building must be resolved before addressing the issue of whether, as plaintiffs urge in reliance upon *Foufana v City of New York* (211 AD2d 550), the staircase was "furnished" by defendants for the purpose of affording access to the work site and thus qualified as "other devices" within the meaning of the statute.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.