■ ANGELO PACIENTE et al., Appellants, v MBG DEVELOPMENT, INC., Respondent. (And a Third-Party Action.) [715 NYS2d 436] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered August 31, 1999, as granted the defendant's motion for summary judgment dismissing the causes of action based upon Labor Law §§ 200, 240 (1), and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Angelo Paciente was allegedly injured when he slipped and fell down snow- and ice-covered stairs he was shoveling for his employer at a construction site owned by the defendant. The Supreme Court properly dismissed the Labor Law § 200 cause of action since the defendant established that it did not exercise control or supervision over Paciente's work (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *De-Gennaro v Long Is. R. R.,* 258 AD2d 496). Dismissal of the Labor Law § 240 (1) cause of action was also proper since routine maintenance activities in a nonconstruction, nonrenovation context are not protected by Labor Law § 240 (*see, Brown v Christopher St. Owners Corp.,* 87 NY2d 938, 939; *Vanerstrom v Strasser,* 240 AD2d 563). The record also supports the Supreme Court's conclusion that the work performed by Paciente was not construction work within the meaning of Labor Law § 241 (6) (*see, Constantino v Kreisler Borg Florman Gen. Constr. Co.,* 272 AD2d 361; *Luthi v Long Is. Resource Corp.,* 251 AD2d 554; *Vernieri v Empire Realty Co.,* 219 AD2d 593). Sullivan, J. P., S. Miller, H. Miller and Smith, JJ., concur.