■ MARTIN CHAVEZ et al., Appellants, v KATONAH MANAGEMENT GROUP, INC., Co., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. JOSEPH ROMA & SONS CONSTRUCTION, INC., Third-Party Defendant-Respondent. [759 NYS2d 158] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 21, 2001, as denied those branches of their motion which were for summary judgment on the issue of liability on their Labor Law § 240 (1) and § 241 (6) causes of action and granted those branches of the motion of the defendants third-party plaintiffs, Katonah Management Group, Inc., Co., and Riverwoods Community As-

sociation, which were for summary judgment dismissing the common-law negligence and Labor Law §§ 200, 240 (1), and § 241 (6) causes of action insofar as asserted against them by the plaintiff Martin Chavez, and the defendants third-party plaintiffs separately appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment on the third-party complaint and granted the motion of the third-party defendant, Joseph Roma & Sons Construction, Inc., for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the appeal by Katonah Management Group, Inc., Co., and Riverwoods Community Association is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant, payable by the plaintiffs.

The injured plaintiff, an employee of the third-party defendant, Joseph Roma & Sons Construction, Inc., allegedly was hurt in a fall while descending from a ladder. Before the fall, he was using a leaf blower to clean the gutters on the roof of a two-family house that was part of a condominium complex owned by the defendant third-party plaintiff Riverwoods Community Association (hereinafter Riverwoods) and managed by the defendant third-party plaintiff Katonah Management Group, Inc., Co. The injured plaintiff cleaned the gutters at the Riverwoods complex twice each year.

The Supreme Court properly determined that the activity the injured plaintiff was undertaking at the time of his injury was routine cleaning in a nonconstruction, nonrenovation context, and thus outside of the scope of Labor Law § 240 (1) (see Diaz v Applied Digital Data Sys., 300 AD2d 533 [2002]).

The injured plaintiff's remaining contentions are without merit.

In light of our determination, the contentions of the defendants third-party plaintiffs are academic. Altman, J.P., Florio, H. Miller and Adams, JJ., concur.