■ MOSES GARCIA, Appellant, v SALVATORE PIAZZA et al., Respondents, et al., Defendants. [792 NYS2d 157]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated February 11, 2004, as denied his motion for summary judgment on the first and second causes of action pursuant to Labor Law § 240 (1) and § 241 (6), respectively, insofar as asserted against the defendants Salvatore Piazza and Denise Piazza and granted that branch of the cross motion of the defendants Salvatore Piazza and Denise Piazza which was for summary judgment dismissing those causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was a construction worker whose employer was hired by the defendant S&S Budget Contracting Inc., the general contractor, to install windows and siding on a building in Staten Island undergoing renovation. The plaintiff was injured when he slipped and fell from the roof of the building while cleaning snow from the roof. The defendants Salvatore Piazza and Denise Piazza (hereinafter collectively referred to as Piazza), Marie Tricarico, and Vito J. Siciliano, each owned a one-third interest in the building.

The Supreme Court properly granted summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against Piazza as routine maintenance activities in a nonconstruction, nonrenovation context are not protected by Labor Law § 240 (1) (*see Paciente v MBG Dev.*, 276 AD2d 761 [2000]; *Koch v E.C.H. Holding Corp.*, 248 AD2d 510, 511-512 [1998]). At the time of the accident, the plaintiff was not performing an activity which was necessary or incidental to his construction work at the building.

The Supreme Court also properly granted summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against Piazza as the plaintiff was not engaged in "construction work" within the meaning of the statute when he fell (*see Paciente v MBG Dev., Inc., supra*). Prudenti, P.J., Florio, Krausman and Rivera, JJ., concur.