■ FRANK BERARDI, Appellant, v CONEY ISLAND AVENUE REALTY, LLC, Respondent. [819 NYS2d 298]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated January 5, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action based on Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured in a fall while cleaning the leaves from the gutters on the roof of a building owned by the defendant. As the Supreme Court properly determined, the defendant established its entitlement to summary judgment by showing that the activity in which the plaintiff was engaged in at the time of his injury was routine cleaning in a nonconstruction, nonrenovation context, and thus outside the scope of Labor Law § 240 (1) and § 241 (6) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Garcia v Piazza*, 16 AD3d 547, 548 [2005]; *Anderson v Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005]; *Chavez v Katonah Mgt. Group*, 305 AD2d 358, 359 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In light of our determination, we do not reach the issue of whether the plaintiff was acting as a volunteer at the time he was injured. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.