*962 The plaintiff allegedly was injured when she fell from a roof while she was cleaning out leaves from the roof gutters of a residence in a condominium development. Her work was performed pursuant to a contract between her employer and the defendant Fieldpoint Community Association, Inc., requiring her employer to clean gutters and leaders, inspect, and caulk openings three times per year.
The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240 (1). The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted their motion. The plaintiff appeals from so much of the order as granted that branch of the defendants’ motion which was to dismiss the cause of action pursuant to Labor Law § 240 (1) and, in effect, denied her cross motion for summary judgment on the issue of liability on that cause of action.
Although Labor Law § 240 (1) applies to commercial “cleaning” which is not part of construction, demolition, or repair (see Broggy v Rockefeller Group, Inc., 8 NY3d 675 [2007]), such as commercial window washing and sandblasting (see Swiderska v New York Univ., 10 NY3d 792 [2008]; Gordon v Eastern Ry. Supply, 82 NY2d 555 [1993]), it does not apply to work that is incidental to regular maintenance, such as clearing gutters of debris (see Soto v J. Crew, 21 NY3d 562 [2013]; Berardi v Coney Is. Ave. Realty, LLC, 31 AD3d 590, 591 [2006]).
Therefore, the defendants established, prima facie, their entitlement to judgment as a matter of law with respect to the cause of action pursuant to Labor Law § 240 (1). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1), and properly, in effect, denied the plaintiffs cross motion for summary judgment on the issue of liability on that cause of action.
In light of our determination, we need not reach the parties’ remaining contentions. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.