■ GARY COLLYMORE, Respondent, v 1895 WWA, LLC, Appellant. [978 NYS2d 367]—

The defendant hired Cunningham Duct Cleaning Co., Inc. (hereinafter Cunningham), a nonparty, to clean and decontaminate the heating, ventilation, and air conditioning (hereinafter HVAC) duct work at the defendant's building. The plaintiff, an employee of Cunningham, was vacuuming an HVAC duct located in a ceiling of the building when he fell from the ladder on which he was standing. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging, among other things, a violation of Labor Law § 240 (1).

The defendant moved, inter alia, for summary judgment dismissing the Labor Law § 240 (1) cause of action on the ground that the activity in which the plaintiff was engaged at the time of the accident was not the type of activity protected under the statute. The Supreme Court denied that branch of the defendant's motion.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute (*see Soto v J. Crew Inc.*, 21 NY3d 562, 566 [2013]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]). To recover, the plaintiff must have been engaged in a covered activity—"the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see Soto v J. Crew Inc.*, 21 NY3d at 566; *Panek v County of Albany*, 99 NY2d 452 [2003]).

Outside the sphere of commercial window washing (which is covered by Labor Law § 240 [1]), the determination of whether an activity may be characterized as "cleaning" under the statute depends on a consideration of four factors. An activity cannot be considered "cleaning" under the statute if it: "(1) is routine, in the sense that it is the type of job that occurs on a daily, weekly or other relatively-frequent and recurring basis as part of the ordinary maintenance and care of commercial premises; (2) requires neither specialized equipment or expertise, nor the unusual deployment of labor; (3) generally involves insignificant elevation risks comparable to those inherent in typical domestic or household cleaning; and (4) in light of the core purpose of Labor Law § 240 (1) to protect construction workers, is unrelated to any ongoing construction, renovation, painting, alteration or repair project" (*Soto v J. Crew Inc.*, 21 NY3d at 568).

In support of its motion, the defendant failed to submit evidence sufficient to establish, prima facie, that the plaintiff's activity at the time of the accident could not be characterized as "cleaning" under Labor Law § 240 (1). There was insufficient evidence regarding whether the plaintiff's task was "routine, in the sense that it [was] the type of job that occurs on a daily, weekly or other relatively-frequent and recurring basis as part of the ordinary maintenance and care of commercial premises" (*Soto v J. Crew Inc.*, 21 NY3d at 568). In light of the deficiency of the evidence in this regard, and considering the remaining factors, the defendant failed to establish, prima facie, that the plaintiff's activity was ordinary maintenance and care rather than "cleaning" within the ambit of the statute (*cf. Esposito v*

*New York City Indus. Dev. Agency*, 1 NY3d 526 [2003]; *Selak v Clover Mgt., Inc.*, 83 AD3d 1585, 1586 [2011]; *Gleason v Gottlieb*, 35 AD3d 355, 356 [2006]; *Anderson v Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of the action alleging a violation of Labor Law § 240 (1), regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.