In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated December 22, 2011, as denied their motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), and granted those branches of the defendants’ separate cross motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff Zef Selca (hereinafter the injured plaintiff) contracted with the defendant Dutchess Heritage Square Partners, LLC (hereinafter Dutchess Heritage), to provide general maintenance services at a building complex owned by Dutchess Heritage. He allegedly was injured while working in a portion of the complex that had been leased by the defendant DMRB, Inc., doing business as The Little Gym of East Fishkill (hereinafter The Little Gym), when he fell from a ladder while attempting to service a smoke detector by cleaning the sensor head of the smoke detector with a small brush and compressed air. The injured plaintiff testified at his deposition that dust *735 would occasionally build up on the sensor heads of the complex’s smoke detectors, which would trigger the alarm. He testified that he had performed the same service on other smoke detectors in the complex on six prior occasions. The president of the alarm company stated in an affidavit that the alarm system remains operable even when any particular smoke detector needs servicing.
The injured plaintiff, and his wife suing derivatively, commenced this action against Dutchess Heritage and The Little Gym, alleging, inter alia, a violation of Labor Law § 240 (1). The plaintiffs moved for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants separately cross-moved, inter alia, for summary judgment dismissing that cause of action insofar as asserted against each of them.
The Supreme Court properly granted those branches of the defendants’ separate cross motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them. Labor Law § 240 (1) protects workers from elevation-related hazards while they are involved in the “erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure” (Labor Law § 240 [1]; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]). Thus, where a worker is engaged in routine maintenance, the statute is inapplicable (see Smith v Shell Oil Co., 85 NY2d 1000 [1995]). Here, the defendants established that the task that the injured plaintiff was engaged in at the time of his accident fell within the category of routine maintenance (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 53 [2004]; Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]; Fox v H&M Hennes & Mauritz, L.P., 83 AD3d 889, 890 [2011]). The injured plaintiffs work involved removing dust from the sensor head of a smoke detector, a task that he had performed on several prior occasions and that was part of his general maintenance duties (see Dahar v Holland Ladder & Mfg. Co., 18 NY3d 521 [2012]; cf. Konaz v St. John’s Preparatory Sch., 105 AD3d 912, 913-914 [2013]; Wein v Amato Props., LLC, 30 AD3d 506, 507 [2006]).
For the same reason, the Supreme Court properly denied the plaintiffs’ motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
In opposition, the plaintiffs failed to raise a triable issue of fact so as to defeat summary judgment.
Rivera, J.E, Leventhal, Austin and Roman, JJ., concur.