■ AUGUSTIN PENA, Appellant, v VARET AND BOGART, LLC, et al., Respondents. [989 NYS2d 901]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated June 4, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and denied his cross motion for summary judgment on the issue of liability on that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured when he fell from a 20-foot ladder while washing the windows of a four-story hostel, which was owned by the defendant Varet and Bogart, LLC, and operated by the defendant First Consul Development, LLC. The plaintiff was employed by the nonparty Felis Lynx, which provided maintenance services to the hostel. The accident occurred after the plaintiff had been directed by the hostel's manager to clean the external kitchen windows of the hostel.

The plaintiff commenced this action and the defendants moved for summary judgment dismissing, inter alia, the cause of action alleging a violation of Labor Law § 240 (1) on the ground that the plaintiff was washing the windows as part of

routine maintenance work, an activity that was not protected by the statute. The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), arguing that he had not been engaged in routine or household window washing and had not been provided with proper protection while performing work at an elevation. The Supreme Court granted the aforementioned branch of the defendants' motion and denied the plaintiff's cross motion.

"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *see Corchado v 5030 Broadway Props., LLC*, 103 AD3d 768 [2013]).

Here, the defendants failed to meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action. Labor Law § 240 (1) provides protection for those workers performing maintenance that involves painting, cleaning, or pointing (*see Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 680 [2007]). Other than commercial window cleaning, which is afforded protection pursuant to the statute (*see Swiderska v New York Univ.*, 10 NY3d 792, 793 [2008]; *Probst v 11 W. 42 Realty Invs., LLC*, 106 AD3d 711, 712 [2013]), whether an activity is considered "cleaning" for the purpose of Labor Law § 240 (1) depends on certain factors. An activity is not considered "cleaning" when (1) it is performed on a routine or recurring basis as part of the ordinary maintenance and care of commercial premises, (2) does not require specialized equipment or expertise, (3) usually involves insignificant elevation risks comparable to those encountered during typical domestic or household cleaning, and (4) is unrelated to any ongoing construction, renovation, painting, alteration, or repair project (*see Soto v J. Crew Inc.*, 21 NY3d 562, 568 [2013]; *Collymore v 1895 WWA, LLC*, 113 AD3d 720 [2014]). "Whether [an] activity is 'cleaning' is an issue for the court to decide after reviewing all of the factors. The presence or absence of any one is not necessarily dispositive if, viewed in totality, the remaining considerations militate in favor of placing the task in one category or the other" (*Soto v J. Crew Inc.*, 21 NY3d at 568-569).

The evidence submitted by the defendants in support of their motion failed to establish, prima facie, that the plaintiff's activity at the time of the accident could not be characterized as "cleaning" under Labor Law § 240 (1). The evidence did not

definitively demonstrate that the plaintiff was performing a routine task or that it was a task that involved an insignificant elevation risk which was comparable to those risks inherent in typical household cleaning (*see Collymore v 1895 WWA, LLC*, 113 AD3d at 720). As a result, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Since the plaintiff's submissions failed to eliminate all triable issues of fact as to whether he was engaged in a covered activity at the time of the accident, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Rivera, J.P., Leventhal, Austin and Roman, JJ., concur.