█ OSCAR TORRES et al., Appellants, v ST. FRANCIS COLLEGE, Respondent. [13 NYS3d 148]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated May 27, 2014, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200 and 240 (1), and (2) so much of a judgment of the same court entered June 4, 2014, as, upon the order, dismissed those causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff Oscar Torres (hereinafter the injured plaintiff) was cleaning a basketball backboard with a household cleaning product and a rag when he fell from an A-frame ladder and sustained personal injuries. The accident occurred in a gym owned by the defendant, St. Francis College. At the time of the accident, the injured plaintiff was employed as a janitor by nonparty ISS/Sanitors Services, Inc. (hereinafter ISS). ISS provided cleaning and janitorial services to the defendant pursuant to a service contract.

The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 240 (1). The defendant moved, inter alia, for summary judgment dismissing those causes of action, and the Supreme Court granted those branches of the motion.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute (see Soto v J. Crew Inc., 21 NY3d 562, 566 [2013]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]). To recover, a plaintiff must have been engaged in "the erection, demolition, repairing, altering, painting, cleaning

or pointing of a building or structure" (Labor Law § 240 [1]; *see Soto v J. Crew Inc.*, 21 NY3d at 566). An activity cannot be considered "cleaning" under the statute if it: "(1) is routine, in the sense that it is the type of job that occurs on a daily, weekly or other relatively-frequent and recurring basis as part of the ordinary maintenance and care of commercial premises; (2) requires neither specialized equipment or expertise, nor the unusual deployment of labor; (3) generally involves insignificant elevation risks comparable to those inherent in typical domestic or household cleaning; and (4) in light of the core purpose of Labor Law § 240 (1) to protect construction workers, is unrelated to any ongoing construction, renovation, painting, alteration or repair project" (*Soto v J. Crew Inc.*, 21 NY3d at 568; *see Collymore v 1895 WWA, LLC*, 113 AD3d 720, 721 [2014]). The factors are to be considered as a whole, and the " 'presence or absence of any one is not necessarily dispositive if, viewed in totality, the remaining considerations militate in favor of placing the task in one category or the other' " (*Pena v Varet & Bogart, LLC*, 119 AD3d 916, 917 [2014], quoting *Soto v J. Crew Inc.*, 21 NY3d at 568-569).

Applying this standard, the defendant demonstrated its prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) by showing that the injured plaintiff's work did not constitute "cleaning" within the meaning of Labor Law § 240 (1). The defendant established that the injured plaintiff was performing routine maintenance of the basketball backboards, done regularly throughout the course of the basketball season, that did not require any specialized equipment, and was unrelated to any ongoing construction or renovation of the school. As such, it was not a covered activity under Labor Law § 240 (1) (*see Soto v J. Crew Inc.*, 21 NY3d at 568-569; *Hull v Fieldpoint Community Assn., Inc.*, 110 AD3d 961 [2013]; *Berardi v Coney Is. Ave. Realty, LLC*, 31 AD3d 590, 591 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have

'authority to exercise supervision and control over the work' " (*Rojas v Schwartz*, 74 AD3d 1046, 1046 [2010], quoting *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735 [2008]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 127-128 [2008]). Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it " 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition' " (*Rojas v Schwartz*, 74 AD3d at 1047, quoting *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). When an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards (*see DiMaggio v Cataletto*, 117 AD3d 984, 986 [2014]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]). A defendant moving for summary judgment in such a case may prevail "only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard" (*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d at 52).

To the extent that the plaintiffs allege that the accident was caused by a defect in the ladder, which was owned and provided by the defendant, a premises condition is at issue (*see Harkin v County of Nassau*, 121 AD3d 942, 943 [2014]; *Chowdhury v Rodriguez*, 57 AD3d at 128). However, the defendant established, prima facie, that the ladder was not in a defective condition and that, in any event, it did not create or have actual or constructive notice of any defect in the ladder (*see Chowdhury v Rodriguez*, 57 AD3d at 128). In opposition, the plaintiffs failed to raise a triable issue of fact.

To the extent that the plaintiffs allege that the accident was caused by the manner in which the work was performed, the defendant established, prima facie, that it did not have the authority to supervise or control the means and methods of the injured plaintiff's work (*see DiMaggio v Cataletto*, 117 AD3d at 986-987; *Cody v State of New York*, 82 AD3d 925, 927 [2011]; *Ortega v Puccia*, 57 AD3d at 61). The defendant established that only the injured plaintiff's employer, ISS, had that authority. In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary

judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.