■ BONFILIA MORALES, Appellant, v AVALON BAY COMMUNITIES, INC., Now Known as AVALONBAY COMMUNITIES INC., Respondent. [34 NYS3d 29]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered August 4, 2015, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability on her Labor Law §§ 240 (1) and 241 (6) claims, and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The evidence shows that defendant retained plaintiff's employer, nonparty Urban Cleaning Contractors (Urban), to perform a "final cleaning" of the units of a new residential apartment building owned by defendant, before the units were turned over to tenants. At the time of the accident, the construction was in the process of winding down, with about 90% of the units occupied. Urban employed plaintiff to clean kitchens in the building. On the day of the accident, plaintiff climbed an approximately three-foot stepladder to get onto the kitchen counter in one apartment unit, from which she cleaned the cabinets, starting with their tops, which were about seven

feet above the floor. When she put her foot on the top step of the ladder after finishing that task, she lost her balance and fell to the floor.

In applying the factors set forth in *Soto v J. Crew Inc.* (21 NY3d 562 [2013]), the court properly concluded that plaintiff was not engaging in "cleaning" within the meaning of Labor Law § 240 (1) at the time of her accident.

Dismissal of the Labor Law § 241 (6) claim was warranted, since "plaintiff was not engaged in duties connected to the inherently hazardous work of construction, excavation or demolition" (*Kagan v BFP One Liberty Plaza*, 62 AD3d 531, 532 [1st Dept 2009] [internal quotation marks omitted]).

Furthermore, the court properly dismissed the common-law negligence and Labor Law § 200 claims. The evidence that defendant exercised general oversight over plaintiff's work was insufficient to establish that defendant exercised supervisory control over the means or methods of the work (*see Singh v Black Diamonds LLC*, 24 AD3d 138, 140 [1st Dept 2005]). Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.