Holguin v Barton (2018 NY Slip Op 02602)





Holguin v Barton


2018 NY Slip Op 02602


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-00146
 (Index No. 2162/10)

[*1]Yolanda Holguin, appellant, 
v
Kathryn Barton, et al., respondents, et al., defendant (and third-party actions).


Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
Perez & Cariello, Uniondale, NY (Amy L. Pludwin of counsel), for respondents Kathryn Barton and Roger Barton.
Molod Spitz & DeSantis, P.C., New York, NY (Marcy Sonneborn and Salvatore J. DeSantis of counsel), for respondents Gotham Condominium and Cooper Square Realty, Inc.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for respondent Morgan Interiors, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated November 30, 2015. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability against the defendant Morgan Interiors, Inc., on the cause of action alleging violation of Labor Law § 240(1), and granted those branches of the separate motions of the defendants Morgan Interiors, Inc., Kathryn Barton and Roger Barton, and Gotham Condominium and Cooper Square Realty, Inc., which were for summary judgment dismissing that cause of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.
The plaintiff was an employee of a cleaning services company which was hired to clean a condominium apartment following a renovation by the defendant Morgan Interiors, Inc. (hereinafter Morgan Interiors). On the day of the occurrence in question, the plaintiff arrived at the apartment along with a cleaning crew, where she was directed by her supervisor to clean certain floor-to-ceiling cabinets and was given a stepladder and a cloth for this purpose. The complaint [*2]alleges that the plaintiff was standing on the stepladder dusting the inside of the cabinets when she fell, sustaining injuries. She commenced this action alleging violation of, inter alia, Labor Law § 240(1), and moved for summary judgment on the issue of liability against Morgan Interiors on that cause of action. All but one defendant moved for summary judgment dismissing the complaint insofar as asserted against them.
Labor Law § 240(1) imposes a nondelegable duty upon owners and contractors to provide safety devices for workers at an elevated work site (see Soto v J. Crew Inc., 21 NY3d 562, 566; Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287; Rocovich v Consolidated Edison Co., 78 NY2d 509, 513; Herrnsdorf v Bernard Janowitz Constr. Corp., 67 AD3d 640, 642). This protection is afforded to workers employed in the "erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure" (Labor Law § 240[1]; see Soto v J. Crew Inc., 21 NY3d at 566; Dahar v Holland Ladder & Mfg. Co., 18 NY3d 521, 524-525; Panek v County of Albany, 99 NY2d 452, 457).
The determination of whether an activity may be considered "cleaning" within the meaning of Labor Law § 240(1), as opposed to routine maintenance, has been held to depend on four factors, considered as a whole. An activity will not be considered "cleaning" under the statute (1) if it is "routine," that is, it is performed on a daily, weekly, or other relatively frequent recurring basis as part of ordinary maintenance; (2) if it does not require specialized equipment or expertise, nor unusual deployment of labor; (3) if it involves insignificant elevation risks comparable to those encountered during typical domestic or household cleaning, and (4) if it is unrelated to any ongoing construction, renovation, painting, alteration, or repair project (see Soto v J. Crew Inc., 21 NY3d at 568-569; Morales v Avalon Bay Communities, Inc., 140 AD3d 533, 534; Torres v St. Francis Coll., 129 AD3d 1058, 1060; Pena v Varet & Bogart, LLC, 119 AD3d 916, 917; Collymore v 1895 WWA, LLC, 113 AD3d 720, 721).
Here, the moving defendants demonstrated, prima facie, that the plaintiff was not engaged in "cleaning" within the meaning of Labor Law § 240(1), as her work did not require specialized equipment, and was unrelated to any ongoing construction or renovation of the apartment. The plaintiff's submissions in opposition were insufficient to create a triable issue of fact (see Soto v J. Crew Inc., 21 NY3d at 569; Morales v Avalon Bay Communities, Inc., 140 AD3d 533, 534; Torres v St. Francis Coll., 129 AD3d 1058, 1060).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and granted those branches of the moving defendants' separate motions which were for summary judgment dismissing this cause of action insofar as asserted against them.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court