Bonilla-Reyes v Ribellino (2019 NY Slip Op 01193)





Bonilla-Reyes v Ribellino


2019 NY Slip Op 01193


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-06711
 (Index No. 14732/12)

[*1]David Bonilla-Reyes, appellant,
v
Richard Ribellino, et al., respondents, et al., defendants (and a third-party action).


Block O'Toole & Murphy, LLP, New York, NY (David L. Scher of counsel), for appellant.
Michael E. Pressman, New York, NY (Steven H. Cohen and Stuart B. Cholewa of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated May 12, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants New Stock Kitchen, Inc., doing business as New Star Kitchen, Richard Ribellino, Ribellino Family Limited Partnership, and 546 Third Avenue Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them, and denied the plaintiff's cross motion for summary judgment determining that he was not furnished with proper protection under Labor Law § 240(1), and that such failure was a substantial factor in causing his alleged injuries.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants New Stock Kitchen, Inc., doing business as New Star Kitchen, Richard Ribellino, Ribellino Family Limited Partnership, and 546 Third Avenue Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, a day laborer, allegedly was injured after falling 20 feet from the platform of a raised forklift while stocking shelves inside a Brooklyn warehouse. The plaintiff had been hired by Euro Design Kitchen Supply, Inc. (hereinafter Euro), to perform various tasks attendant to the renovation of the warehouse for storage of Euro's merchandise, including demolishing an office inside the warehouse and assembling metal shelving units. The demolition had been completed and the shelving units had been assembled approximately 15 days prior to the plaintiff's fall.
The plaintiff commenced this action to recover damages for the personal injuries he allegedly sustained against the owners and the tenant of the warehouse (hereinafter collectively the warehouse defendants), among others, asserting causes of action alleging violations of Labor Law [*2]§§ 200, 240(1), and 241(6) and common-law negligence. Following discovery, the warehouse defendants moved, inter alia, for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them. The plaintiff cross-moved for summary judgment determining that he was not furnished with proper protection under Labor Law § 240(1), and that such failure was a substantial factor in causing his alleged injuries. The plaintiff asserted that he had not been furnished with proper protection against elevation-related risks, but acknowleged that a triable issue of fact existed as to whether he was engaged in an activity covered under Labor Law § 240(1) at the time of his fall. In an order dated May 12, 2016, the Supreme Court, inter alia, granted the subject branch of the warehouse defendants' motion and denied the plaintiff's cross motion, determining that the plaintiff was not engaged in an activity covered by Labor Law § 240(1) at the time of his fall. The plaintiff appeals.
The warehouse defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action insofar as asserted against them. "Labor Law § 240(1) protects workers from elevation-related hazards while they are involved in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Selca v Dutchess Heritage Square Partners, LLC, 115 AD3d 734, 735 [internal quotation marks omitted]; see Martinez v City of New York, 93 NY2d 322; Kharie v South Shore Record Mgt., Inc., 118 AD3d 955, 955-956). "The intent of [Labor Law § 240(1)] was to protect workers employed in the enumerated acts, even while performing duties ancillary to those acts" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882). The statute " is to be construed as liberally as may be for the accomplishment of [that] purpose'" (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [internal quotation marks omitted]). "[T]he question whether a particular [activity] falls within section 240(1) must be determined on a case-by-case basis, depending on the context of the work" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 883).
Here, the warehouse defendants' submissions failed to demonstrate, as a matter of law, that the plaintiff's activity in stocking shelves was not performed as part of the larger renovation project that he had been hired to complete on the premises, including assembly of the shelving structures and other tasks attendant to preparing the warehouse to receive Euro's stock merchandise (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 878; Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686; Kharie v South Shore Record Mgt., Inc., 118 AD3d 955, 956; see also Pino v Robert Martin Co., 22 AD3d 549). Accordingly, that branch of the warehouse defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them should have been denied, without consideration of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320).
We agree with the Supreme Court's denial of the plaintiff's cross motion for summary judgment determining that he was not furnished with proper protection under Labor Law § 240(1), and that such failure was a substantial factor in causing his alleged injuries. "To recover under [Labor Law § 240(1)], the plaintiff must have been engaged in a covered activity" (Soto v J. Crew Inc., 21 NY3d 562, 566). The plaintiff acknowledges that a triable issue of fact exists as to whether he was engaged in a covered activity at the time of his fall. Since the plaintiff acknowledges that there is a threshold issue of whether Labor Law § 240(1) even applies in this instance, we need not address the plaintiff's remaining contention that he would be entitled to a directed verdict if a jury does find that he was engaged in a covered activity (see Pena v Varet & Bogart, LLC, 119 AD3d 916, 918; see e.g. Reynoso v Prospect Assoc., 253 AD2d 374, 375).
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court