Duque v 50 Clinton Prop. Owner LLC (2022 NY Slip Op 06317)

Duque v 50 Clinton Prop. Owner LLC

2022 NY Slip Op 06317

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 150450/18 Appeal No. 16618 Case No. 2021-04733 

[*1]Maria Duque, Plaintiff-Appellant,
v
50 Clinton Property Owner LLC, Defendant-Respondent, Flintlock Construction Services, LLC, Defendant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Gregory Freedman of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Shanna Torgerson of counsel), for respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about December 1, 2021, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of Labor Law § 240(1) and granted defendant's motion for summary judgment dismissing that claim, unanimously affirmed, without costs.
Plaintiff was employed by a cleaning company, hired by defendant owner to perform cleaning of newly constructed apartments before they were turned over to tenants. Plaintiff played no role in the construction. On the day of the accident, she was cleaning a refrigerator that had been left on its delivery dolly when it fell upon her, causing her injury. In applying the factors set forth in Soto v J. Crew Inc. (21 NY3d 562, 568-569 [2013]), the motion court properly concluded that plaintiff was not engaging in "cleaning" within the meaning of Labor Law § 240 (1) at the time of her accident (see also Morales v Avalon Bay Communities, Inc., 140 AD3d 533 [1st Dept 2016], lv denied 28 NY3d 907 [2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022